MICHAEL LE GLAIRE, as Administrator of the Estate of SHU-SHANNA LE GLAIRE, Deceased, Respondent, *v.* NEW YORK LIFE INSURANCE COMPANY, Appellant.

First Department, February 20, 1958.

*Harry F. X. Hammer* of counsel (*Lee M. Gammill,* attorney), for appellant.

*Paul P. E. Bookson* of counsel (*Du Bow, Turk & Roberts* and *Arnold B. Elkind,* attorneys), for respondent.

*Per Curiam.* Plaintiff-respondent moves to dismiss the appeal for failure to prosecute and on the ground there is no " order " from which to appeal to this court. Defendant-appellant seeks a direction permitting the printed record to be duly filed with the clerk of this court.

The suit was to recover double indemnity benefits under life insurance polices by reason of the alleged accidental death of the insured in December, 1951. After trial before a court and jury in April, 1954, the jury was unable to agree on a verdict. After the jury was excused, the following colloquy took place between the court and the attorney for defendant:

" THE COURT: All motions on which decision has been reserved are denied.

" MR. HAMMER: May I again, your Honor, renew my motions made both at the end of the plaintiff's case and at the end of the entire case, to dismiss? I believe your Honor reserved decision on that.

" THE COURT: I denied all motions on which decision heretofore had been reserved, and I deny this motion.

" MR. HAMMER: Thank you, your Honor.

" THE COURT: The case is set down for May 3rd."

Thereafter, defendant filed a notice of appeal, dated April 26, 1954, wherein defendant purported to appeal from " the ruling

and orders of the Supreme Court at Trial Term Part XIII on the above entitled action and made upon the trial herein denying defendant's various motions made at the end of plaintiff's case, at the close of all evidence, and after the jury was discharged after having failed to reach a verdict, for judgment in accordance with defendant's motions for a directed verdict and for the dismissal of the complaint herein ".

Before the amendment of section 457-a of the Civil Practice Act (L. 1949, ch. 604), no appeal could be taken from an order denying a motion to dismiss the complaint and for a directed verdict where the jury had disagreed (*Kiamie* v. *Equitable Life Assur. Soc.*, 296 N. Y. 509; *Ripstoss* v. *New York Cent. R. R. Co.*, 285 N. Y. 789; see Fifteenth Annual Report of N. Y. Judicial Council, 1949, p. 261). The amendment permits an appeal from an order denying a motion for judgment dismissing the complaint or for a directed verdict where a verdict is not returned.

However, we think that this right to appeal has not eliminated the requirement of an " order ". Under section 609 of the Civil Practice Act an appeal may be taken to the Appellate Division " from an order in an action, upon notice, made at a special term or trial term of the supreme court ". (*Wolfe* v. *Edwards*, 1 A D 2d 742.)

The proposed record in the instant appeal contains no " order " of the Trial Judge. (See Civ. Prac. Act, § 127, and Rules Civ. Prac., rule 70, for definition and form of order.) The mere oral statements denying the appellant's applications at the trial without any showing that they were reduced to writing, signed by the Judge and entered are insufficient to constitute an appealable "order ". The necessity for such an order does not impose any unreasonable burden; nor will it present any difficulty, since the Trial Judge will sign one as a matter of course if timely submitted.

The motion to dismiss the appeal should therefore be granted, with costs. The motion by appellant to permit filing of printed record on appeal should be denied in view of the disposition of the other motion.

BOTEIN, P. J., VALENTE, McNALLY, STEVENS and BERGAN, JJ., concur.

Motion to dismiss appeal granted, with $10 costs.

Motion [by appellant] denied in view of the decision of this court on motion to dismiss appeal.