WILLIAM TAKS, Appellant, v. CELIA STERN, Respondent.—

September 6, 1960, the court had made an order which granted plaintiff's motion for summary judgment "for such sum as may be assessed"; directed plaintiff to serve and file a note of issue and jury demand; and, "subject to the approval of the Justice presiding at" Trial Term, Part I, Kings County Supreme Court, directed the Calendar Clerk, upon the filing of such note and demand, to place the action on the Ready Day Calendar of such Trial Term on October 3, 1960, for the assessment of damages. Pursuant to such order, plaintiff filed a note of issue and jury demand, as well as a statement of readiness, and the action was placed on the Day Calendar. Plaintiff, however, did not file the requisite papers or application pursuant to rule 9 of the Kings County Supreme Court Rules in order to obtain a preference in trial. Under the circumstances, the action was properly struck from the calendar. The court always retains the inherent power to control its calendar. In the exercise of such power it is authorized, in the event of failure to comply with said rule 9 and to obtain the right to a preference in trial thereunder, to strike a personal injury negligence action from the calendar and to prevent an unauthorized preference from being obtained, even though summary judgment has been granted. Compliance with all the calendar practice rules, which regulate the right to a preference, may be required whether the motion for summary judgment be granted before or after the action has been place on the calendar. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.