■ Frank F. Delbene, as Parent and Natural Guardian of John Delbene and Others, Infants, et al., Respondents, v General Electric Company, Appellant.—Appeal by the defendant from an order of the Supreme Court at Special Term, entered in Albany County on December 2, 1974, which denied so much of the defendant's motion as requested an unconditional order of preclusion for failure to serve a bill of particulars and grant of summary judgment. The order appealed from grants relief to the defendant to the extent of directing an unconditional preclusion order and summary judgment unless the plaintiffs should comply with certain conditions set forth in the order. The action was commenced by service of a summons on May 3, 1971. The defendant appeared and demanded a complaint shortly thereafter and the complaint was served on January 21, 1972. The answer was served on March 27, 1972 together with a demand for a bill of particulars and a notice for an examination before trial scheduled for May 23, 1972. The notice for an examination before trial was adjourned by consent of the defendant without date. By a notice of motion dated August 9, 1974, the defendant moved for an order of preclusion as to the items demanded for a bill of particulars and summary judgment based upon such preclusion. By affidavit of counsel in opposition to the defendant's motion, the plaintiffs alleged that soon after the bill of particulars was demanded, one of the then individual plaintiffs, Kathryn C. Delbene, became ill with the result that she was thereafter hospitalized on two occasions and died on June 14, 1973. It seems apparent that, as a result of her death, proper procedure would dictate the appointment of a legal representative and a substitution as a party plaintiff. On or about April 12, 1974 a motion was made for such substitution by the plaintiff Frank Delbene and, subsequently, a companion action for wrongful death was commenced on May 15, 1974. While the delay of nearly 2½ years in preparing and serving a bill of particulars is in and of itself inordinate, the factors relating to the serious illness of Kathryn Delbene, the wife of the plaintiff Frank Delbene and the mother of the plaintiffs-infants, were of such a nature as could lead to a determination by Special Term to exercise its discretion in favor of limited relief in the form of a conditional preclusion order. As noted by Special Term, the preclusion as to the infants who in fact are not in a position to exercise control of the lawsuit would be harsh both as to their individual claims and the claim related to conscious pain and suffering on the part of their mother. Upon the present record, it cannot be said that the exercise of discretion by Special Term was improvident as being without a justifiable foundation. It is to be noted that the cases relied upon by the defendant in urging a complete preclusion and grant of summary judgment deal primarily with situations where there has been a failure to comply with a prior conditional preclusion order in regard to a bill of particulars or circumstances relating to motions to dismiss a complaint for a failure to prosecute. Order modified, in the exercise of discretion, so as to provide that all times specified within which the conditions set forth in the order are to be met are

to be measured from the service of the order of this court with notice of entry, and, as so modified, affirmed, without costs. Herlihy, P. J., Greenblott, Main, Larkin and Reynolds, JJ., concur