BELYNDA EVERITT, as Administratrix of the Estate of BARRY K. EVERITT, Deceased, Respondent, v HEALTH MAINTENANCE CENTER et al., Appellants, et al., Defendant.

First Department, April 29, 1982

APPEARANCES OF COUNSEL

*Bruce F. Gilpatrick* of counsel (*Alfred C. Moran* with him on the brief; *Heidell, Pittoni & Moran, P.C.,* attorneys), for Health Maintenance Center, appellant.

*Robert M. Ginsberg* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

This appeal presents questions as to the proper procedure to be followed on motions in the light of the provision of section 660.35 (applicable in New York County) of the Rules of New York and Bronx County Supreme Court (22

NYCRR 660.35) for mandatory precalendar conferences in personal injury and wrongful death actions; and the practice on appeals in connection therewith.

This action is for damages for wrongful death; the City of New York is not a party. Certain defendants moved at Special Term, Part I, New York County, to dismiss the complaint for failure of plaintiff to resume prosecution of the action within 90 days after service of a demand therefor. On October 2, 1981, before the return date of that motion, plaintiff served a notice to take depositions of the defendants and a motion for an order "granting an immediate pre-trial hearing," and apparently a notice of mandatory precalendar conference. On October 16, 1981 plaintiff served a notice of cross motion, returnable at Special Term, Part I, on the adjourned return date of defendants' motion, for an order striking the answer of certain defendants, apparently for failure to appear for examinations before trial. At Special Term, Part I, by order dated December 8, 1981, defendants' motions to dismiss were denied and dates were set for examination of defendants. Thereafter on December 15, 1981 the precalendar conference came on at Special Term, Part 8-A, New York County, and at that conference, the Justice presiding directed examinations to be held in accordance with the order of Special Term, Part I, and also fixed a time for the deposition of plaintiff. Defendants Health Maintenance Center and Strax appeal from both orders insofar as they relate to examinations before trial. We therefore limit our consideration to that branch of the orders.

Section 660.35 of the Rules of the Bronx and New York County Supreme Court, applicable in New York County, provides for mandatory precalendar conferences in all actions for personal injury or wrongful death (except where the City of New York is a party). Precalendar conferences are to be held in Special Term, Part 8-A. The conference is to consider, among other things, "establishment of a timetable for the completion of all discovery proceedings" (22 NYCRR 660.35 [c] [1] [iii]). In actions to which the rule is applicable, "[m]otions that are made before the note of issue and certificate of readiness are filed * * * shall be returnable at special term, part 8-A" (with exceptions not

here relevant) (22 NYCRR 660.35 [f] [1]). "Motions for disclosure or other relief in actions to which this section is applicable, made after the bill of particulars has been served or after notice of precalendar conference has been filed, but before the precalendar conference is held, may be denied unless there is shown good cause why such relief is warranted before the required precalendar conference." (22 NYCRR 660.35 [g].)

The order of Special Term, Part I, entered December 11, 1981 was made on plaintiff's cross motion returnable at Special Term, Part I, to strike the answer of all the defendants for failure to appear for examinations before trial. At the time this notice of motion was served, no note of issue or certificate of readiness had been filed; a bill of particulars had been served; plaintiff had filed a notice of precalendar conference, but the precalendar conference had not yet been held. Accordingly, under the rule, the motion was premature, being made before the precalendar conference was held.

While the action of the Justice of Special Term, Part I, in entertaining the motion "in the context of the present proceedings" is quite understandable, we think the more orderly procedure would have been for Special Term, Part I, not to entertain the motion at all. This is not a mere formalistic question about which Judge decides the motion in which room of the courthouse; if that were all, we would entirely agree that the first Judge to whom the matter comes should decide it. But the creation of Special Term, Part 8-A, and the provision for mandatory precalendar conferences is precisely intended to cut down on the numerous practice motions, particularly disclosure motions and disputes about them, which have so plagued our practice. The concept of Part 8-A is that one Judge shall take control of these precalendar matters in an informal way, essentially without papers and formal motions, and, among other things, fix a reasonable schedule for disclosure. We, therefore, reverse the order of Special Term, Part I, insofar as appealed from.

When the precalendar conference came before Special Term, Part 8-A, that court was informed of the determination by Special Term, Part I, and adopted the dates for

examinations before trial prescribed by Special Term, Part I, and made an additional provision for examination of plaintiff. However, in our view, that order in its present form is not appealable for the reason that it cannot be said that "the motion it decided was made upon notice". (CPLR 5701, subd [a], par 2.) The precalendar conference order is not made on a notice of motion asking for specific relief. It is made simply on a notice of such a conference. (22 NYCRR 660.35 [b].) Further, as such an order is made without any supporting papers, it is not practical for an appellate court to review the order.

If counsel is of the view that appellate review is necessary, counsel should make a formal motion on notice and papers at Special Term, Part 8-A, to vacate or modify the precalendar conference order, or particular provisions of it, thus eliminating the particular objections to appealability to which we have referred. In a sense, in the present case, the papers on the Special Term, Part I, motion may be said to substitute for such a motion and papers. But we have no way of knowing whether the Judge in Part 8-A considered those papers on the motion before him. And at this early stage in the implementation of the Part 8-A procedure, we prefer to make very clear the importance of not bypassing the 8-A procedure by a direct motion at Special Term, Part I. Accordingly, this appeal from Special Term, Part 8-A's, precalendar conference order of December 15, 1981, should be dismissed.

Order, Supreme Court, New York County, Special Term, Part I (BLANGIARDO, J.), entered December 11, 1981, should be reversed so far as appealed from, on the law, and in the exercise of discretion, and so much of said order as rules upon plaintiff's motion to strike the answer of defendants who failed to appear for examinations before trial and directs examinations before trial, should be vacated, without costs.

Appeals from order of Supreme Court, New York County, Special Term, Part 8-A (DONTZIN, J.), dated December 15, 1981, should be dismissed, without costs.

SANDLER, J. P., SILVERMAN, BLOOM, LYNCH and ASCH, JJ., concur.

Order, Supreme Court, New York County, entered on December 11, 1981, unanimously reversed, on the law, and in the exercise of discretion, and so much of said order as rules upon plaintiff's motion to strike the answer of defendants who failed to appear for examinations before trial and directs examinations before trial is vacated, without costs and without disbursements. The appeals from the order of said court, entered on December 15, 1981, are dismissed as nonappealable, without costs and without disbursements.