■ RUTH A. CAINES, as Administratrix of the Estate of DOREEN L. CAINES, Deceased, Respondent, v ST. VINCENT'S HOSPITAL & MEDICAL CENTER OF NEW YORK et al., Appellants, et al., Defendant. — Appeals from precalendar conference order, Supreme Court, New York County (Kaplan, J.), entered on November 12, 1981, unanimously dismissed as nonappealable, without costs and without disbursements. (See *Everitt v Health Maintenance Center,* 86 AD2d 224.) No opinion. Concur — Kupferman, J. P., Sullivan, Markewich, Silverman and Asch, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WELDON FLEET, Appellant. — Judgment, Supreme Court, Bronx County (Gorfinkel, J.), rendered on March 4, 1981, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur — Sandler, J. P., Carro, Lupiano, Bloom and Milonas, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ALMONTE, Appellant. — Determination of appeal from judgment, Supreme Court, New York County (M. Williams, J.), rendered on June 12, 1980, unanimously held in abeyance and defendant's counsel directed to comply with the conditions set forth in *People v Saunders* (52 AD2d 833). Defendant having been sentenced to a State prison term, it is insufficient for defendant's attorney to have attempted to comply with *Saunders* by inquiry of the city's correctional system concerning whether defendant is in its custody. Defendant's attorney's motion to withdraw is denied and counsel is directed to comply with the above within 30 days from the date of entry hereof. No opinion. Concur — Ross, J. P., Carro, Lupiano, Fein and Milonas, JJ.

■ BARBARA F. SPINDEL, Also Known as B. R. Fox, Appellant, v NEW YORK TELEPHONE COMPANY et al., Respondents. — Order, Appellate Term of the Supreme Court, First Department, dated July 25, 1980, which reversed a resettled judgment of the Civil Court, New York County, entered January 15, 1980, in favor of plaintiff and dismissed the complaint, reversed, on the law, the complaint reinstated and the matter remanded for a new trial, with costs to abide the event. A new trial is warranted, insofar as compensatory and punitive damages are sought against the individual defendants and compensatory damages are sought against defendant New York Telephone Company, for the reasons stated in the partial dissenting memorandum of Riccobono, J., at the Appellate Term. However, in contrast to the dissenter and to the majority at Appellate Term, we are of the view that the claim for punitive damages against the New York Telephone Company should not have been dismissed. As to the punitive damages, the issue of New York Telephone Company's managerial involvement in the actions of the individual employees, Zapf and Bechtle, is on this record one for the jury to decide under the rule laid down in *Craven v Bloomingdale* (171 NY 439, 447). Concur — Carro, Lupiano and Fein, JJ.

Kupferman, J. P., and Markewich, J., dissent and would affirm on the opinion at the Appellate Term.