■ BRIGITTE OSTIER v SYLVAIN OSTIER. (And Another Action.) — Motion for a stay dismissed for lack of appealable order (CPLR 2219; *Le Glaire v New York Life Ins. Co.*, 5 AD2d 171). Concur — Kupferman, J. P., Asch, Silverman and Kassal, JJ.

(May 29, 1984)

■ THE JEWISH GUILD FOR THE BLIND, Respondent, v GABRIEL E. SENOR, P. C., et al., Appellants. THE JEWISH GUILD FOR THE BLIND, Respondent, v GABRIEL E. SENOR, P. C., et al., Appellants and Third-Party Plaintiffs, et al., Third-Party Defendants. — Order of the Supreme Court, New York County (Schwartz, J.), entered on March 29, 1982, which granted plaintiff's motion for partial summary judgment as to liability and directed that a trial be had as to the amount of the damages sustained by the plaintiff is affirmed, with costs. ¶ Judgment of the Supreme Court, New York County (Englehart, J.), entered on November 24, 1982, awarding plaintiff damages in the sum of $35,504.81 is affirmed, with costs. ¶ By order dated June 14, 1983, we vacated our prior order of April 21, 1983 which dismissed the complaint herein because the action was not timely commenced. We did so because of the contention of the respondent that service had actually been made on March 10, 1981. On the initial appeal the issue of the actual date of service (assumed to have been March 19, based upon defendants-appellants' affidavit) was never contested or argued. Our prior dismissal was based upon a finding that the last revision to the survey involved herein was dated March 13, 1975 and that the action was not commenced until March 19, 1981, six years and six days from the date on which that last revision was made. Therefore, under the authority of *Video Corp. v Flatto Assoc.* (58 NY2d 1026, modfg 85 AD2d 448), the action was not timely commenced. If service had been made on March 10, however the six-year statute would not have run and the action would be timely. Appellant disputed the March 10 date. ¶ Accordingly, we remanded the matter to Supreme Court, New York County, for a hearing and report with findings of fact on the issue of service so as to resolve the conflict as to the date of service. The referee has now filed a report finding as a fact that service of the summons and complaint was effected on March 10, 1981. This date is three days prior to the expiration of the six-year Statute of Limitations and thus the commencement of the action was timely. ¶ Plaintiff-respondent has now moved to confirm the referee's report and to affirm the order and judgment initially appealed from. We have considered the issues raised by the appellant in opposition to the motion and the issues raised on the initial appeal and find them to be without merit. Accordingly, we grant the motion and confirm the report of the referee and affirm the order of March 29, 1982, granting plaintiff's motion for partial summary judgment and the judgment of November 24, 1982, awarding damages to the plaintiff in the sum of $35,504.81. Concur — Murphy, P. J., Sandler, Ross, Kassal and Alexander, JJ.