■ C.F.C. REALTY CORP., Doing Business as E-Z SKATE, Respondent, v EMPIRE FIRE AND MARINE INSURANCE COMPANY, Appellant.

Plaintiff sues under a fire policy to recover $1,282,535.79 for losses which occurred on August 12 and 18, 1981. By letter dated October 29, 1981, defendant insurer forwarded blank proof of loss forms to plaintiff requesting that it file these forms for each loss in accordance with the policy's requirements. Although the forms were executed within 60 days of demand they were not returned to the insurer within that time, as required by the terms of the policy and Insurance Law §§ 168, 172, until four months after the expiration of the 60-day period. The insurer moved for summary judgment dismissing the complaint for failure to file timely proofs of loss. Special Term denied the motion without prejudice to renewal upon completion of discovery and determination of a pending motion to consolidate this action with a companion suit against plaintiff's former attorneys and adjuster based on their negligence in failing to file timely proofs of loss.

The motion to dismiss should have been granted. The failure to file sworn proofs of loss within 60 days of demand is an absolute defense to an action on a statutory fire policy. (*Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 63

NY2d 201.) "When an insurer gives its insured written notice of its desire that proof of loss under a policy of fire insurance be furnished and provides a suitable form for such proof, failure of the insured to file proof of loss within 60 days after receipt of such notice, or within any longer period specified in the notice, is an absolute defense to an action on the policy, absent waiver of the requirement by the insurer or conduct on its part estopping its assertion of the defense." (*Supra,* at pp 209-210.) Neither the negligence of plaintiff's former attorneys or its adjuster nor the pendency of an action against these individuals for that negligence excuses plaintiff's failure to file timely proofs of loss. As for Special Term's other reason for denying the motion, summary judgment should not be denied to permit discovery unless the facts essential to oppose the motion are within the movant's knowledge. (*Terranova v Emil,* 20 NY2d 493; *Auerbach v Bennett,* 47 NY2d 619.) The reason for the failure to file timely proofs of loss is solely within the knowledge of plaintiff and its agents. Finally, we note that plaintiff's execution of nonwaiver agreements precludes any contention of waiver or estoppel. Accordingly, we reverse and grant summary judgment to defendant dismissing the complaint. Concur — Sullivan, J. P., Ross, Asch and Kassal, JJ.