In the Matter of WILLIAM GRISI et al., Petitioners, v BEATRICE SHAINSWIT, as Justice of the Supreme Court of the State of New York, Respondent.

First Department, October 28, 1986

## APPEARANCES OF COUNSEL

*Richard M. Sands* of counsel *(Jones Hirsch Connors & Bull,* attorneys), for petitioners.

*Abigail I. Petersen* of counsel *(Robert Abrams, Attorney-General,* attorney), for respondent.

*Annette Scarano* of counsel *(Subin Associates, P. C.,* attorneys), for Haywood Petioni and others, plaintiffs in the underlying action.

## OPINION OF THE COURT

Per Curiam.

This proceeding is an outgrowth of a personal injury action which has its origins in an automobile accident. After a note of issue and statement of readiness had been filed, the plaintiff claimed, for the first time, in a second further supplemental bill of particulars, dated June 11, 1986, future lost earnings (approximately $1,000,000), based on his "inability to engage in his livelihood". The plaintiff alleged that he is being "medically discharged from the United States Coast Guard" as a result of the accident. Since the "Information Sheet" made available to counsel by the Justice presiding in IAS Part X, where the personal injury action is pending, provides that motions may not be made without a premotion conference, the defendants thereafter moved orally at a pretrial conference on June 16, 1986, pursuant to CPLR 3043 (b), for a further physical examination and deposition of the plaintiff with respect to this alleged continuing item of special damage and disability. The application was denied. On July 1, 1986, the defendants submitted a proposed order with notice of settlement reflecting the denial. To date, no action has been taken on the proposed order.

On July 3, 1986, the defendants served a request for a premotion conference, seeking permission to move to strike the note of issue and statement of readiness on the ground that the action was not ready for trial, alleging as the basis

their entitlement to another physical examination and deposition of the plaintiff with respect to his newly asserted claim and to receipt of duly executed authorizations for the release of his employment and tax records. In response, the court scheduled a conference for July 14, 1986, at which it issued a preliminary conference order directing that the plaintiff provide the defendants with the requested authorizations. The application for a further deposition and physical examination was, however, denied. Notwithstanding the defendants' request, the Justice presiding refused to enter a written order denying the application for a further deposition and physical examination. The court also refused the defendants' request that a court reporter record its determination. Efforts to have the Administrative Judge prevail upon the court to issue a written order or to permit a transcription of its denial of the defendants' application proved fruitless.

Since they wish to appeal from the denial of their application for a physical examination and further deposition, and no appeal lies from a ruling, as distinct from an order (CPLR 5512 [a]; *Lee v Chemway Corp.,* 20 AD2d 266), which must be in writing (CPLR 2219; *Le Glaire v New York Life Ins. Co.,* 5 AD2d 171), the defendants, petitioners herein, thereupon commenced this proceeding seeking a judgment in the nature of a writ of mandamus directing the court to issue a written order reflecting its denial of their application.

Mandamus is the appropriate, albeit extraordinary, remedy to compel a body or officer, including a judicial officer, to perform "a purely ministerial act where there is a clear legal right to the relief sought." *(Matter of Legal Aid Socy. v Scheinman,* 53 NY2d 12, 16; *see, Matter of State of New York v King,* 36 NY2d 59, 62-63; *also, Matter of Colonial Beacon Oil Co. v Finn,* 245 App Div 459, *affd* 270 NY 591.) The ministerial act must be "nondiscretionary and nonjudgmental" and "premised upon specific statutory authority mandating performance in a specific manner". *(Matter of Peirez v Caso,* 72 AD2d 797; *see, Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88, 97.) A court cannot be commanded to exercise its discretionary functions in a prescribed manner. *(Matter of Kahn v Backer,* 21 AD2d 171, 173.) The right to performance "must be so clear as not to admit of reasonable doubt or controversy." *(Matter of Burr v Voorhis,* 229 NY 382, 387; *Matter of Association of Surrogates & Supreme Ct. Reporters v Bartlett,* 40 NY2d 571, 574.)

In this case, petitioners are unable to point to any author-

ity, statutory or otherwise, which mandates that a court issue a separately signed, written order embodying its ruling on an oral application. Ordinarily, in such circumstances, we would dismiss the petition for want of a showing of a clear legal right to the relief sought. The reality, though, is that the application was orally presented, not by design, but only because petitioners were denied the opportunity to move formally on papers. In this connection, we note a growing tendency in the Supreme Court civil trial parts to condition the making of a written motion on prior judicial approval. In certain instances, a refusal to allow the motion is accompanied by an express, but oral, denial of the motion. In others, the request is simply refused, effectively resulting in a denial of the motion. In either event, there is no record available for appellate review. In some instances, as here, there is not even a written order. Our difficulty with this practice is that it tends to frustrate a litigant's statutorily provided right of appeal from an intermediate order (CPLR 5701 [a] [2]).

It hardly bears repeating that courts have the inherent power, and indeed responsibility, so essential to the proper administration of justice, to control their calendars and to supervise the course of litigation before them. *(Headley v Noto,* 22 NY2d 1, 4; *Cohn v Borchard Affiliations,* 25 NY2d 237, 249-250; *see also, Taks v Stern,* 14 AD2d 585, 586.) Indeed, a statutory enactment infringing upon the power of the courts in this regard might well be constitutionally suspect. *(See, Plachte v Bancroft Inc.,* 3 AD2d 437, 438.)

We are also not unmindful of the crushing volume of motions—including the patently meritless, frivolous and untimely—with which a Justice presiding over a civil part under the individual assignment system is confronted. Doubtless, there are instances, especially where a note of issue has been filed and trial is imminent, where the motion and the appeal from an adverse determination are calculated to delay and hinder the expeditious disposition of the case. We recognize that if the trial and disposition of cases were to be deferred routinely pending appellate review of interlocutory orders the system would collapse of its own weight. We note, though, that the granting of stays pending appeal in such cases is, for the most part, a matter of discretion. *(See,* CPLR 5519 [c].)

At the same time, however, fundamental rights to which a litigant is entitled, including the opportunity for appellate review of certain orders, cannot be ignored, no matter how pressing the need for the expedition of cases. As already

noted, the right to take an appeal from an intermediate order is statutory *(see generally,* CPLR 5701 [a] [2]), as is the right to "full disclosure" of all "material and necessary" evidence (CPLR 3101 *et seq.).* A party cannot be deprived of his right to be heard on a substantive matter not involving a trial ruling by the simple expedient of denying him the right to make a written motion or a record, thereby foreclosing the opportunity for appellate review. At the very least, in instances where the court, in its discretion, refuses to entertain a written motion, the denial of which would be otherwise appealable had the motion been made in writing, the putative moving party should be afforded the opportunity to make a record reflecting the respective positions of the parties on the particular issue and the court's reasoning and decision, as well as a recitation of the facts and documentation that were considered in the court's determination. We note that the Uniform Civil Rules for the Supreme Court and the County Court make provision for the transcription of the court's directions at a preliminary conference and expressly state that the transcript "shall have the force and effect of an order of the court" (22 NYCRR 202.12 [e]). So that there will be no question as to the appealability of such disposition, however, we would also require that where a party presents a written order embodying the court's determination spread on the transcript that such order be signed.

We are aware that on another occasion *(Everitt v Health Maintenance Center,* 86 AD2d 224) we held that a precalendar conference order not made on notice of motion and without supporting papers was nonappealable. We then suggested that in such cases appellate review could be had, if otherwise available, if the party adversely affected by the order formally moved to vacate or modify it. The determination of that motion would then be appealable. Such a procedure, it seems to us, would be wasteful in an individual assignment system, the hallmarks of which are judicial flexibility and continuity of supervision.

Finally, we note that this decision should not be construed as encouraging the practice of conditioning the making of written motions on prior judicial consent. We believe that under the present system that determination is best left to the discretion of the particular trial court. We merely require that when a request to make a formal motion is refused or the motion is considered on the merits, but orally, a record, as already indicated, be made.

Accordingly, the writ should be granted, to the extent of directing the respondent Justice either to entertain petitioners' motion in writing, or afford petitioners and their adversaries the opportunity to be heard on the record with respect thereto, in accordance with this decision, and the cross motion to dismiss denied, without costs or disbursements.

SANDLER, J. P., SULLIVAN, CARRO and ROSENBERGER, JJ., concur.

Application for a writ of mandamus granted, to the extent of directing respondent Justice either to entertain petitioners' motion in writing, or afford petitioners and their adversaries the opportunity to be heard on the record with respect thereto, in accordance with the opinion Per Curiam filed herein, and the cross motion to dismiss denied, without costs and without disbursements.