■ GOLDHEART INTERNATIONAL LTD., et al., Respondents, v VULCAN CONSTRUCTION CORP. et al., Defendants, and JEWELERS PROTECTION SERVICE, LTD., Appellant.

On review of the record, we are in agreement that it was error for the IAS Justice, at a conference two weeks prior to the return date, to refuse to entertain the motion and to adjourn the application, sine die, pending completion of discovery proceedings previously ordered by the court *(see, Matter of Grisi v Shainswit,* 119 AD2d 418). The order, which precluded the parties from moving for summary judgment until completion of discovery, was in conflict with CPLR 3212 (a), which provides, "Any party may move for summary judgment in any action, after issue has been joined." Notwithstanding the usual informal practice followed in Civil Parts under the Individual Assignment System, the order was inconsistent with the provisions of the CPLR and the court acted without authority in refusing to entertain the application and in enjoining the parties from any further motion for summary judgment until after discovery had been completed.

Nor may the order be sustained under CPLR 3212 (f). Plaintiffs, who submitted no opposing affidavit on the motion and no respondents' points on this appeal, did not establish the need for discovery to ascertain "facts essential to justify opposition" within defendant's knowledge, which they would need to oppose the summary judgment motion, so as to authorize the court to deny any relief or grant a continuance pending disclosure *(see, Billy v Consolidated Mach. Tool Corp.,* 51 NY2d 152, 163-164; *Auerbach v Bennett,* 47 NY2d 619, 636; *C.F.C. Realty Corp. v Empire Fire & Mar. Ins. Co.,* 110 AD2d 508, 509). Thus, CPLR 3212 (f) did not afford a basis to adjourn the *motion and preclude the other parties from moving for* summary judgment until discovery had been concluded.

While not raised by plaintiffs, who defaulted on the appeal, we conclude that, under the facts of this case, the order is appealable, notwithstanding that the order did not result from

a motion made on notice *(see,* CPLR 5701 [a] [2]; *compare, Everitt v Health Maintenance Center,* 86 AD2d 224, 226-227). In *Everitt,* we held that a precalendar (Special Term Part 8-A) conference order was not appealable or reviewable, since it was not made by notice of motion seeking specific relief. However, critical to the disposition in that case was our observation that, "as such an order is made without any supporting papers, it is not practical for an appellate court to review the order." *(Supra,* at p 227.) In our case, as in *Everitt,* there were no supporting papers. Nevertheless, a review of such papers is unnecessary here to determine the propriety of the order, which is improper on its face as a matter of law, the court having no authority to refuse to entertain the motion. This is especially so where, as here, it appears there are legal issues to be presented on the motion which may be dispositive on the merits.

In contrast to the situation in *Everitt (supra),* no further submissions are needed, it clearly appearing that, notwithstanding the broad discretion accorded to Trial Justices in terms of calendar control, the court could not properly refuse to entertain the motion, at least without affording the parties an opportunity to make a record reflecting their respective positions together with the court's reasoning and decision, both of which are essential to protect the fundamental right of appellate review *(see, Matter of Grisi v Shainswit, supra).*

Accordingly, we reverse and vacate the order and remand the matter for further proceedings, including disposition of the motion on the merits after all supporting and opposing papers have been submitted. Concur—Sandler, J. P., Sullivan, Carro, Kassal and Wallach, JJ.