Order of the Supreme Court, New York County (Jawn A. Sandifer, J.), entered on or about June 11, 1986, which denied defendants-appellants’ motion for a *405 signed order documenting the pourt’s decision directing disclosure of certain police records, unanimously reversed, on the law, and the motion is granted, without costs.
Plaintiff in this wrongful death action involving a police shooting seeks discovery of police personnel records containing psychological evaluations of two police officers. The records sought are confidential and may not be made available by the police department for inspection or review unless the consent of the affected officers is obtained or the release of the records is mandated by lawful court order (Civil Rights Law § 50-a [1]). As the officers whose records are here sought have not consented to their release, plaintiff’s discovery of the records can be aqhieved only to the extent that it is ordered by the court. Pursuant to Civil Rights Law § 50-a (2), a hearing was held before Justice Tyler who, based upon the showing made by plaintiff (see, Civil Rights Law § 50-a [2]), ordered that the records be produced for in camera review. The in camera inspection was conducted by Justice Sandifer who determined pursuant to Civil Rights Law § 50-a (3) that certain portions of the records should be made available to plaintiff. He reached this conclusion notwithstanding defendants’ claims that psychological evaluations of police officers are so sensitive as to deserve protection from disclosure, and that some of the material released was not relevant. Although a portion of the proceedings before Justice Sandifer, as well as his decision, was made on the record, he issued no order embodying his determination and refused to sign a proposed order submitted to him by defendants. Thereafter, defendants appealed Justice Sandifer’s ruling, but their appeal was dismissed by an order of this court entered October 3, 1985 [114 AD2d 305] because the decision appealed from was never put in the form of an appealable, duly entered order or judgment (see, CPLR 5512). Defendants then moved again before Justice Sandifer, this time with plaintiff’s support, for an order memorializing his disclosure decision. The motion was denied in the order now under review.
A litigant has a statutory right of appeal from an intermediate order affecting a substantial right (CPLR 5701 [a] [2] [v]; Matter of Grisi v Shainswit, 119 AD2d 418 [1st Dept 1986]). Certainly, pretrial judicial determinations regarding the scope of disclosure pursuant to CPLR article 31 affect substantial rights and so should admit of appellate scrutiny (see, e.g., Matter of Grisi v Shainswit, supra; Matter of Gambardella, 81 AD2d 835; Delbene v General Elec. Co., 47 AD2d 985; see also, 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 5701.17). This is *406 particularly true where, as here, a disclosure determination concerns confidential, statutorily protected (see, Civil Rights Law § 50-a [1]) material.
As we noted in Grisi (supra), the fundamental right of a litigant to pursue an appeal pursuant to CPLR 5701 (a) (2) should not be frustrated by judicial resort to expedients, even when a court’s use of expedients stems from its very legitimate concerns with calendar control and the discouragment of excessive motion practice. Thus, in Grisi, we held that a court may not preclude an appeal by denying a litigant the opportunity to submit a written motion or to make a reviewable record. Here, although there was a record made of the in camera inspection and the court’s consequent disclosure determination, it was not considered a proper basis for an appeal and the appeal was dismissed. Given our October 3, 1985 dismissal of defendants’ appeal, a dismissal that was in conformity with the then policy of this court regarding the appealability of determinations not documented as duly entered orders or judgments, it was apparent at the time of defendants’ February 24, 1986 motion for a signed order that the court’s issuance of a signed order was a necessary condition of the appellate review to which defendants were otherwise indisputably entitled. This being the case, the court’s summary denial of defendant’s motion was erroneous and requires reversal. It must be emphasized that appeals which may be undertaken pursuant to CPLR 5701 (a) are appeals as of right; they may not be effectively screened by a court’s refusal to sign an order or to allow the litigants to make a reviewable record.
It should be noted that although we have in the past been inclined to read CPLR 5512 strictly and so have required as appealable paper a duly entered order or judgment, we have since our recent decision in Grisi taken a less restrictive approach (Matter of Grisi v Shainswit, supra, at p 422). As a transcript of the court’s directions at a preliminary conference is deemed to "have the force and effect of an order of the court” (22 NYCRR 202.12 [e]), it may be considered an appeal-able paper pursuant to CPLR 5512, provided it is signed (supra, at p 422).
Finally, our determinations in this matter and Grisi (supra) should not encourage litigants to engage in meritless motion practice and frivolous and untimely appeals. Although the right of appeal is not to be frustrated by a court’s resort to expedients, neither should a court be pressed to take such measures by abusive litigation tactics. Proper use of precious *407 court resources is particularly critical with the adoption of the IAS system. Thus, litigants should be on notice that though their appeals pursuant to CPLR 5701 (a) will not be screened, stays pending appeal will not be granted or, where the stay is automatic, continued, in cases where the appeal is meritless or taken primarily for the purpose of delay (see, CPLR 5519 [c]). Concur—Murphy, P. J., Sandler, Asch, Rosenberger and Wallach, JJ.