■ BURTON GINTELL, Respondent, v DELBERT COLEMAN, Appellant.—Appeal from an order, Supreme Court, New York County (Robert White, J.), entered February 23, 1987, which, *inter alia,* ordered defendant to provide an accounting, unanimously dismissed, without costs.

The record on appeal here consists solely of the order appealed from, the preargument statement and the notice of appeal. This is clearly an insufficient record upon which to base any reasonable appellate determination and, accordingly, the appeal is dismissed without prejudice to renewal upon a proper record.

This court has previously noted the desirability of permitting IAS Justices, in controlling their calendars, to have available flexible, and, where appropriate, informal procedures in order to expedite motion practice and the efficient movement of cases to a conclusion. *(See, Matter of Grisi v Shainswit,* 119 AD2d 418.) We have also emphasized, however, that for a litigant's statutory right of appeal to be meaningful

there is the need for a record memorializing both the decision involved and the respective positions of the parties on the particular issue as well as a recitation of the facts and documentation that were presented to the court for its consideration. *(Matter of Grisi v Shainswit, supra; Herbert v City of New York,* 126 AD2d 404.)

While a proper record could, of course, be generated by way of a formal written motion seeking to vacate the order *(cf., Everitt v Health Maintenance Center,* 86 AD2d 224), in recognition of the commendable goals as well as the realities prevailing in an IAS Part where the Judge is familiar with the case and its history, and to avoid hampering that Judge's ability to effectively manage and control the calendar, a record appropriate for appellate review can also be made by way of a transcript of the relevant proceedings. *(Matter of Grisi v Shainswit, supra; Herbert v City of New York, supra; see also,* 22 NYCRR 202.12 [e].)

Significantly, in this case appellant neither made, nor was prevented from making, a formal motion seeking to vacate the order complained of, nor is there the slightest indication that he at any time requested an opportunity to make a record of the proceedings giving rise to the order. Quite to the contrary, the appellate history of this case indicates that whatever defendant's objections to the order may have been, he appeared before the Special Referee pursuant thereto a month later "in a final effort to resolve the within controversy" and it appears that it was only when the parties could not agree upon the location where the subject books and records were to be produced that this appeal was pursued. It is apparent, therefore, that there were no pressing time constraints or other unusual or exceptional circumstances which precluded appellant from, at the very least, requesting the opportunity to make a record of the proceedings leading up to the complained-of order.

While it has been suggested that the court take judicial notice of the papers filed on the stay application, that is not a viable alternative to a proper record on appeal. In the first instance, there is no assurance that the papers filed on a stay motion are a complete record of the proceedings below. That is particularly the case here where the papers do not appear to reflect a complete recital of the circumstances underlying the order appealed from nor of the positions of the parties taken at the oral conference which resulted in the decision rendered. Indeed, those papers can be construed as indicating that the direction in the order for review of the books and records,

however denominated, was, in fact, intended as a form of discovery to which there was tacit agreement but with the court resolving the disputed issues of cost and locale.

In any event, the taking of judicial notice of papers submitted in support of a motion for a stay pending appeal would be of questionable validity, and those papers are not properly considered as a record on appeal. *(See, Sacks v Stewart,* 75 AD2d 536; *S-M News Co. v Simons,* 279 App Div 364, 370; *see also,* Fisch, New York Evidence § 1049 [2d ed].) Principles of appellate jurisprudence require that review be limited to matters contained in the record, and, except in extraordinary circumstances, not present here, an appellate court should not reach a decision based on papers dehors the record.

Accordingly, this appeal is dismissed. Concur—Sandler, J. P., Asch, Rosenberger and Ellerin, JJ.