■ M.P.Y. MANUFACTURING, INC., Appellant, v MERCHANT FACTORS CORP., Respondent. (And a Third-Party Action.) [621 NYS2d 847] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered January 18, 1994, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross-motion for discovery and sanctions, unanimously reversed, on the law, with costs,

the motion denied, the complaint reinstated, and the cross-motion to compel discovery granted.

While the IAS Court properly concluded that no valid legal assignment occurred because defendant never agreed to assume a contractual burden, it erred in ordering dismissal of the complaint. Plaintiff set forth a prima facie claim of equitable assignment of a designated available fund, based upon the June 19, 1991 letter, because an equitable assignment does not require evidence of the defendant's consent to its terms (see, 6 NY Jur 2d, Assignments, § 33).

In addition, since the documents provided by defendant did not conclusively establish the existence or non-existence of available funds in the accounts, and the daily management reports within the defendant's exclusive possession are dispositive on the amount of funds available for disbursement, the defendant is directed to provide them pursuant to plaintiff's discovery request (C.F.C. Realty Corp. v Empire Fire & Mar. Ins. Co., 110 AD2d 508, 509; see also, Bank Leumi Trust Co. v Felner, 70 AD2d 869). Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Tom, JJ.