■ WILLY OTTO JORDAN et al., Appellants, v UBS AG, Respondent. [782 NYS2d 722]—

Order, Supreme Court, New York County (Charles Edward Ramos, J.), entered April 23, 2003, which, insofar as appealed from, granted defendant broker's motion pursuant to CPLR 3211 (a) (7) to dismiss plaintiffs customers' causes of action for breach of fiduciary duty, negligent misrepresentation and breach of contract based on defendant's failure to disclose the risks associated with certain bonds, and order, same court and Justice, entered March 18, 2004, which, upon reargument, adhered to the original order, unanimously affirmed, with costs.

It appears that the company that issued the subject bonds sought bankruptcy protection in both the United States and Brazil some two years after plaintiffs purchased the bonds from defendant. Plaintiffs allege that defendant was under a duty to disclose the risks associated with such investment, including, in particular, the potential difficulties in timely asserting claims in the more favorable Brazilian proceeding because of the manner in which the bonds were issued and held. The claim is without merit in view of the parties' agreements, one entered into at the time of the transaction putting plaintiffs on notice of the institutions and manner in which the bonds were to be deposited, and the other entered into prior to the transaction in which the individual plaintiff disavowed any reliance on defendant for investment advice and acknowledged his own responsibility for making investment decisions and investigating the financial condition or creditworthiness of any company for whose stock or bonds defendant acted as broker. Absent agreement to the contrary, not present here, a broker does not owe fiduciary duties to a purchaser of securities (*see Perl v Smith Barney,* 230 AD2d 664, 666 [1996], *lv denied* 89 NY2d 803 [1996]), excepting executing trades in accordance with the customer's instructions (*see Saboundjian v Bank Audi* [*USA*], 157 AD2d 278, 283 [1990]). Plaintiffs' present contention that they were precluded from undertaking adequate inquiry because of defendant's presale failure to provide them with the offering circular was not advanced in the complaint, it does not elsewhere appear that plaintiffs ever requested the offering circular, and there is no documentary basis for the alleged obligation to provide the offering circular. Moreover, it remains speculative what the offering circular would have disclosed about the financial condition of the issuing company. Plaintiffs' allegation that defendant

might have sold the bonds from its own inventory, purportedly constituting undisclosed self-dealing, is conclusory and flatly contradicted by documentary evidence (*see Ullmann v Norma Kamali, Inc.*, 207 AD2d 691, 692 [1994]). We have considered plaintiffs' other arguments and find them unavailing. Concur—Mazzarelli, J.P., Sullivan, Friedman, Gonzalez and Catterson, JJ.