(June 14, 2005)

■ WATER STREET LEASEHOLD LLC, Respondent, v DELOITTE & TOUCHE LLP, Appellant. [796 NYS2d 598]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered April 22, 2004, which denied defendant's motion to dismiss the complaint, without prejudice to renewal at the close of discovery of so much of the motion as sought to dismiss the cause of action for negligent misrepresentation, unanimously reversed, on the law, with costs, the motion granted in all respects and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Since 1987, Reliance Insurance Company had been a tenant at 77 Water Street in Manhattan, which is owned by plaintiff, pursuant to a lease that was periodically amended and supplemented. In 1998, the two parties entered into a restated lease extending the lease term through February 2012 at an initial base rent of $8.408 million. Two years later, Reliance approached plaintiff seeking an early termination of the lease and asking plaintiff to find another tenant. An agreement entitled the Second Amendment was entered into on September 29, 2000, providing that Reliance would vacate the premises within a certain time after it was advised of a replacement tenant. Thereafter, on or about October 16, 2000, plaintiff notified Reliance of a potential replacement tenant for the premises and, in accordance with the Second Amendment, Reliance advised plaintiff that it would vacate the premises in two phases, the first to be completed by February 28 and the second by April 30; the first phase was not completed until March 19, although the second phase was completed on time.

Plaintiff, claiming damages of $1,053,888 as a result of its having to forebear from foreclosing under the terms of the Second Amendment after giving Reliance notice that it had another tenant, as well as Reliance's failure to make all the payments required under the Second Amendment, brought this action against Reliance's accountant, asserting causes of action for fraud, negligent misrepresentation and gross negligence.

Plaintiff's basic allegation is that it would not have entered into the Second Amendment without being assured by Reliance's 1997, 1998 and 1999 financial statements, which had been audited and certified by defendant, that it was capable of fulfill-

ing its financial obligations. Plaintiff claims it detrimentally relied upon those statements before agreeing to the Second Amendment.

An essential element of any fraud or negligent misrepresentation claim is that there must be reasonable reliance, to a party's detriment, upon the representations made (*see River Glen Assoc. v Merrill Lynch Credit Corp.*, 295 AD2d 274, 275 [2002]). "[P]laintiff must show both that defendant's misrepresentation induced plaintiff to engage in the transaction in question (transaction causation) and that the misrepresentations directly caused the loss about which plaintiff complains (loss causation)" (*Laub v Faessel*, 297 AD2d 28, 31 [2002]).

While, on a motion to dismiss, pleadings must be liberally construed (*see generally Underpinning & Found. Constructors v Chase Manhattan Bank, N.A.*, 46 NY2d 459, 462 [1979]), "the court is not required to accept factual allegations that are plainly contradicted by the documentary evidence" (*Robinson v Robinson*, 303 AD2d 234, 235 [2003]).

The Second Amendment, by its terms, did not obligate plaintiff to give up its right to collect rent or commence foreclosure proceedings, and did not change Reliance's obligation to pay rent pursuant to the 1998 restated lease. Instead, the Second Amendment provided a mechanism for the orderly vacating of the premises after Reliance was advised of a replacement tenant. Furthermore, in the event of Reliance's noncompliance with the Second Amendment, any penalties were in addition to its rent and other financial obligations under the restated lease. There is no claim that plaintiff, in entering into the restated lease, relied to its detriment upon Reliance's 1997, 1998 or 1999 financial statements. Thus, it is evident from the documentary evidence in this case that nothing in the Second Amendment permitted Reliance to remain in the premises rent-free once a replacement tenant was found, or barred foreclosure proceedings against it. Therefore plaintiff's fraud and negligent misrepresentation claims must be dismissed.

Moreover, although it is unclear, but unlikely, that a cause of action for gross negligence exists separately from a cause of action for fraud (*see Ultramares Corp. v Touche*, 255 NY 170, 190-191 [1931] [gross negligence in this context is sufficient to sustain an inference of fraud]; *see also State St. Trust Co. v Ernst*, 278 NY 104, 112 [1938] [recklessness in the conduct of an audit may take the place of deliberate intention by which fraud may be proven]; *Curiale v Peat, Marwick, Mitchell & Co.*, 214 AD2d 16, 28 [1995] [an accountant's reckless conduct of an audit may be evidence of fraud]), in any event, plaintiff's in-

ability to demonstrate detrimental reliance—in other words, causation—also requires dismissal of that cause of action, and, hence, the entire complaint. Concur—Buckley, P.J., Andrias, Sullivan, Ellerin and Williams, JJ. [*See* 5 Misc 3d 1008(A), 2004 NY Slip Op 51260(U) (2004).]