■ EDWARD B. MEYERCORD, Respondent, v RAVENEL B. CURRY, III, Appellant, et al., Defendant. [832 NYS2d 29]—

Order, Supreme Court, New York County (Richard B. Lowe,

III, J.), entered September 12, 2006, which, insofar as appealed from, denied defendant's motion to dismiss plaintiff's fourth, fifth and sixth causes of action for fraudulent inducement, negligent misrepresentation and an accounting, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

An essential element of plaintiff's claims for both fraudulent inducement and negligent misrepresentation is detrimental reliance (see *Water St. Leasehold LLC v Deloitte & Touche LLP*, 19 AD3d 183 [2005], *lv denied* 6 NY3d 706 [2006]; *see generally* 60A NY Jur 2d, Fraud and Deceit § 138). " 'Plaintiff must show both that defendant's misrepresentation induced plaintiff to engage in the transaction in question (transaction causation) and that the misrepresentations directly caused the loss about which plaintiff complains (loss causation)' " (*Water St. Leasehold LLC, supra* at 185, quoting *Laub v Faessel*, 297 AD2d 28, 31 [2002]).

The documentary evidence submitted by defendant demonstrates as a matter of law that plaintiff cannot establish the detrimental reliance he alleges, since he could not have changed his position or suffered a loss based on the alleged misrepresentations. Even if he had not been induced to sign the agreement by defendant, as an employee and member of the LLC he would still have been bound by the original operating agreement, dated August 1, 1995, which similarly provided that a member whose employment was terminated for any reason would be required to offer his shares to Curry for a price equal to the member's initial capital contribution. Accordingly, the alleged misrepresentations did not cause plaintiff's loss and plaintiff did not rely on Curry's representations to his detriment (see *Water St. Leasehold LLC*, 19 AD3d at 185-186; *Friedman v Anderson*, 23 AD3d 163, 167 [2005]).

Plaintiff's complaint does not allege that he detrimentally relied on the misrepresentations by continuing to work with the firm. His claims relate not to his continuing employment under the employment agreement, but to his ownership interests under the amended operating agreement. In any event, even if such reliance had been pleaded, it could not form the basis for a viable claim of fraudulent inducement or negligent misrepresentation. Under the employment agreement, plaintiff was an employee at will, and as such, could be terminated at any time. In such circumstances, any reliance on representations of future intentions, such as job security or future changes, would be deemed unreasonable as a matter of law (see *Arias v Women in*

*Need*, 274 AD2d 353 [2000]; *Marino v Oakwood Care Ctr.*, 5 AD3d 740 [2004]).

Because plaintiff has no viable cause of action for fraudulent inducement and negligent misrepresentation, his claim for an accounting must de dismissed as well. Concur—Saxe, J.P., Marlow, Nardelli, Sweeny and Catterson, JJ.