■ NAM TAI ELECTRONICS, INC., Appellant, v UBS PAINEWEBBER INC., Also Known as UBS WEALTH MANAGEMENT USA, Respondent. [850 NYS2d 11]—

Order, Supreme Court, New York County (Charles Edward Ramos, J.), entered July 19, 2006, which, to the extent appealed from, granted defendant's motion to dismiss the second through fourth causes of action of the amended complaint, and order, same court and Justice, entered February 16, 2007, which, to the extent appealable, denied plaintiff's motion to renew and for leave to file a second amended complaint, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered October 28, 2005, deemed abandoned, as plaintiff makes no arguments with respect thereto, without costs.

If defendant were in default for failure to answer timely pursuant to CPLR 3211 (f), it would not be necessary to reach the other issues raised by plaintiff. However, the motion court's excusal of defendant's default, made sua sponte during oral argument, is not an appealable order where the transcript was not "so ordered" by the court (*see Matter of Grisi v Shainswit*, 119 AD2d 418, 420, 422 [1986]; *Le Glaire v New York Life Ins. Co.*, 5 AD2d 171, 172 [1958]; CPLR 5512 [a]; 2219 [a]). There is no indication that the court would have refused to "so order" the transcript or sign a written order if plaintiff had so requested (*see Le Glaire*, 5 AD2d at 172; *cf. Grisi*, 119 AD2d at 420). We note that plaintiff merely served a notice of default on defendant; it did not actually apply to the court for a default judgment, although it had time to do so before oral argument (*see* CPLR 3215 [g] [1]). Furthermore, at oral argument, it did not claim that defendant should be held in default.

Even were we to consider the new gloss that plaintiff places on the second through fourth causes of action of the first amended complaint (*see e.g. Chateau D' If Corp. v City of New York*, 219 AD2d 205, 209 [1996], *lv denied* 88 NY2d 811 [1996]; *but see Jordan v UBS AG*, 11 AD3d 283 [2004]), they were properly dismissed. The October 28-31, 1997 exchange of letters between the parties did not form a contract. The British Virgin Islands (BVI) court order already required the share certificates to be delivered to defendant. "A promise to perform an existing legal obligation is not valid consideration to provide a basis for a contract" (*Goncalves v Regent Intl. Hotels*, 58 NY2d 206, 220 [1983]).

The first amended complaint does not state a claim for promissory estoppel because defendant's October 31 letter does not contain a "clear and unambiguous promise" (*Richbell Info. Servs. v Jupiter Partners*, 309 AD2d 288, 304 [2003]) to sell Tele-Art's shares immediately.

There was no fiduciary relationship between plaintiff and defendant (*see duPont v Perot*, 59 FRD 404, 409 [SD NY 1973], where the court noted "no precedent for the proposition that a fiduciary relationship is created between a creditor [here, plaintiff] and a third party [defendant] merely by reason of a contract between the third party and the creditor's debtor [Tele-Art]"). Even if, arguendo, plaintiff reposed trust and confidence in defendant after receiving the latter's October 31, 1997 letter, it soon became suspicious of defendant, as evidenced by plaintiff's letter of November 19. One can hardly say that defendant gained superiority or influence over plaintiff as a result of plaintiff's trust (*see Thermal Imaging, Inc. v Sandgrain Sec., Inc.*, 158 F Supp 2d 335, 343 [SD NY 2001]).

Neither the first amended complaint nor the proposed second amended complaint states a claim for fraud. An element of fraud is detrimental reliance, which means transaction causation and loss causation (*see Water St. Leasehold LLC v Deloitte & Touche LLP*, 19 AD3d 183, 185 [2005]). Plaintiff claims that without defendant's assurances, it would not have agreed to the designation of defendant as the broker who would sell Tele-Art's shares. However, the BVI court order makes it clear that *Tele-Art,* not plaintiff, would choose the broker. That order also required the share certificates that were in the possession of the stock transfer agent to be delivered to the broker chosen by Tele-Art. Therefore, plaintiff cannot establish that defendant's misrepresentation caused its loss (*see Meyercord v Curry*, 38 AD3d 315 [2007]; *National Union Fire Ins. Co. of Pittsburgh, Pa. v Christopher Assoc.*, 257 AD2d 1, 9 [1999]).

Plaintiff's claim that defendant should have corrected its mistaken belief that shares were being sold in accordance with the BVI court order is unavailing, as plaintiff's November 19 letter shows that plaintiff had no such illusion.

Since the proposed second amended complaint failed to state a claim for fraud, the motion court properly denied leave to amend (*see e.g. Megaris Furs v Gimbel Bros.*, 172 AD2d 209 [1991]). Concur—Tom, J.P., Friedman, Nardelli and Catterson, JJ.