Pritsker v Oppenheimer Acquisition Corp. (2019 NY Slip Op 08621)





Pritsker v Oppenheimer Acquisition Corp.


2019 NY Slip Op 08621


Decided on December 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 3, 2019

Friedman, J.P., Oing, Singh, Moulton, JJ.


10455 155269/17

[*1] Robert Pritsker, Plaintiff-Appellant,
v
Oppenheimer Acquisition Corp., et al., Defendants-Respondents.


Robert Pritsker, appellant pro se.
Tannenbaum Helpern Syracuse & Hirschtritt, LLP, New York (Richard Trotter of counsel), for respondents.



Judgment, Supreme Court, New York County (Gerald Lebovits, J.), entered May 14, 2018, dismissing the action, unanimously affirmed, without costs.
This is, essentially, an action for conversion. Plaintiff's fraud allegations do not constitute independent claims for fraud and constructive fraud; rather, they form the building blocks for his argument that equitable estoppel should toll the statute of limitations for conversion (see Simcuski v Saeli, 44 NY2d 442, 448 [1978]).
The complaint fails to state a cause of action for conversion. Money that allegedly was converted "must be specifically identifiable and be subject to an obligation to be returned or to be otherwise treated in a particular manner" (McBride v KPMG Intl., 135 AD3d 576, 580 [1st Dept 2016] [internal quotation marks omitted]). In his opposition to the motion, plaintiff admitted that money is "fungible" and "impossible to trace." Moreover, the money that plaintiff seeks is not his, but that of nonparty AIG Life Insurance Company, n/k/a American General Life Insurance Company (AGL).
The first and second causes of action, for fraud and constructive fraud, respectively, were correctly dismissed as free-standing claims. The first cause of action fails adequately to allege scienter and reliance, both of which are essential elements of fraud (see Lama Holdings Co. v Smith Barney, 88 NY2d 413, 421 [1996]; Meyercord v Curry, 38 AD3d 315, 316 [1st Dept 2007]; Kaufman v Cohen, 307 AD2d 113, 119 [1st Dept 2003]). The second cause of action fails to allege a fiduciary relationship (see e.g. Gregor v Rossi, 120 AD3d 447, 448 [1st Dept 2014]). While defendant Tremont Partners, Inc. — the general partner of defendant Tremont International Insurance Fund, L.P. (TIIF) — owed a fiduciary duty to the limited partners of TIIF, such as AGL, plaintiff is not a limited partner of TIIF; rather, he has a variable annuity contract with AGL (see SSR II, LLC v John Hancock Life Ins. Co. [U.S.A.], 37 Misc 3d 1204[A], 2012 NY Slip Op 51880[U], *1-2, 4, 7-8 [Sup Ct, NY County 2012]; see also Lama, 88 NY2d at 424).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 3, 2019
CLERK