Carter v Sweeney (2023 NY Slip Op 00150)

Carter v Sweeney

2023 NY Slip Op 00150

Decided on January 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 12, 2023

Before: Kern, J.P., Oing, Scarpulla, Pitt-Burke, Higgitt, JJ. 

Index No. 151067/19 Appeal No. 17087 Case No. 2022-01988 

[*1]Dwayne Michael Carter Jr., Professionally Known as Lil Wayne, Plaintiff-Appellant,
v
Ronald Sweeney et al., Defendants-Respondents.

Jonathan D. Davis, P.C., New York (Jonathan D. Davis of counsel), for appellant.
Frankfurt Kurnit Klein & Selz, P.C., New York (John B. Harris of counsel), for respondents.

Order, Supreme Court, New York County (James Edward D'Auguste, J.), entered April 16, 2021, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the first amended complaint in part, unanimously affirmed, without costs.
Plaintiff, a prominent rap artist and musician, alleges that defendant Sweeney,
his former representative and lawyer of 13 years, fraudulently induced his retention by (1) representing that he was a lawyer authorized to provide legal services despite having been administratively suspended in California for brief periods around that time, and (2) by practicing law in New York without a license. To state a claim for fraudulent inducement, a plaintiff must show that the defendant's misrepresentation or concealment induced the plaintiff to enter into the transaction and directly caused the plaintiff to suffer a loss (Meyercord v Curry, 38 AD3d 315, 316 [1st Dept 2007]). Here, however, plaintiff has not alleged that Sweeney was suspended from practice at the time he was retained, or that a misrepresentation regarding his status induced the retention. Nor has plaintiff pointed to any direct harm he suffered on account of not knowing Sweeney's status at the time of his retention, more than a decade ago.
The legal malpractice claim, largely premised on the same allegations, also fails. Plaintiff clarifies on appeal that his malpractice claim is tethered to the contingency fee agreement that Sweeney drafted with a litigation firm in California on his behalf and Sweeney's actions in a breach of settlement agreement action in New York that resulted in a default judgment entered against plaintiff. In a legal malpractice action, a plaintiff must also prove that, but for the defendant's negligence, the plaintiff would have been successful in the underlying action or not sustained the alleged damages (Rudolph v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442-443 [2007]). In both instances, however, plaintiff has failed to sufficiently allege how any purported shortcoming by Sweeney was the direct cause of harm.
Plaintiff's breach of fiduciary duty claim, based upon the same alleged misrepresentations and omissions regarding Sweeney's status as a lawyer as those contained in the fraudulent inducement and legal malpractice claims, fails for the same reasons (see e.g. EBC I, Inc. v Goldman Sachs & Co, 5 NY3d 11, 19-20 [2005]). Plaintiff has failed to establish that damages were directly caused by defendant's conduct other than the payment of his fees (Retirement Plan for Gen. Empls. of the City of N. Miami Beach v McGraw, 158 AD3d 494, 496 [1st Dept 2018]). 
Plaintiff's unjust enrichment claim, largely based upon a theory that Sweeney was unjustly enriched because he received a percentage fee that was higher than what other lawyers might have charged, fares no better. Unjust enrichment is a quasi-contractual claim that is "imposed by law where there has been no agreement or expression [*2]of assent, by word or act, on the part of either party involved. The law creates it . . . to assure a just and equitable result" (Bradkin v Leverton, 26 NY2d 192, 196 [1970]). The motion court properly rejected this claim both because (1) the 10% contingency fee was not so high as to demand the intervention of equity, and (2) plaintiff did not object to the 10% fee for more than 13 years, until after the parties had a dispute and plaintiff fired Sweeney. Further, to the extent plaintiff's unjust enrichment claim is grounded upon Sweeney's purported 10% retention of the amounts recovered by the California litigation firm, the claim also fails. The parties were operating under a contractual agreement until the time of defendant's termination, thus precluding a claim for unjust enrichment.
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2023