◼ In the Matter of the Estate of CHARLES H. BRIGER, Deceased. BANK OF NEW YORK, Respondent; CATHERINE U. BRIGER, Appellant. — Appeal from an order of the Surrogate's Court of Albany County (Clyne, Acting S.), entered October 22, 1982, which authorized petitioner, as temporary administrator, to take possession of and act to preserve certain real property belonging to decedent during his lifetime. At the time of his death on January 11, 1982, decedent owned approximately 50 acres of land in the Town of Bethlehem, Albany County. Located on the property was a large one-family residence and several outbuildings, all unoccupied, and a small residence which was and continues to be occupied by a tenant. Petitioner, the Bank of New York (formerly Mechanics and Farmers' Bank of Albany), the executor nominated in decedent's proposed will, was appointed temporary administrator of the estate by order dated April 29, 1982. As a consequence of the refusal by respondent, decedent's widow, to allow petitioner to inspect or appraise the realty to ascertain its condition or value, petitioner, on October 7, 1982, obtained an order to show cause authorizing it to take possession of the property, receive the rents thereof, appraise it and make needed repairs. The order was ultimately returnable on October 19, at which time respondent served her verified answer opposing petitioner's application. Also contained in the answer was a cross motion to remove petitioner as temporary administrator and to appoint respondent in its place and stead. The Acting Surrogate, by order dated October 22, granted the petition in its entirety while declining to act on respondent's cross motion. Respondent's concern on appeal is not so much with the propriety of the order of October 22, as with the errors purportedly

committed on April 29 when petitioner was appointed temporary administrator. There is, however, nothing in the record to indicate that respondent either appealed or moved to vacate the April 29 appointment. Furthermore, the court's unwillingness to hear the supposed cross motion was fully justified, for respondent's papers were not only untimely served but failed to contain an explicit notice of cross motion as required by the 1980 amendment to CPLR 2215 (see Siegel, 1980 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 2215:3 [1982-1983 supp, p 17]). The only order to be reviewed is, therefore, that of October 22 and we find it to be an appropriate exercise of the court's power (SCPA 904, subd 1). Order affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.