*992 OPINION OF THE COURT
Memorandum.
Appeal dismissed without prejudice to any other remedy tenant may have.
In this nonpayment proceeding, tenant applied for an order to show cause seeking to vacate a default final judgment and warrant. The court below refused to sign tenant’s order to show cause, directed landlord’s attorney to appear and set the matter down for an immediate "hearing”. At this "hearing”, the court did not swear in any witnesses but heard oral argument on the record from tenant pro se and from landlord’s attorney. During the "hearing”, the court ordered tenant to turn over a check that he had brought with him to landlord’s attorney, a check in an amount in excess of the amount owed landlord. After the "hearing”, the court found tenant’s "testimony” not to be credible and further found that tenant had no meritorious defense. Subsequently, the court signed a formal written "order” which, inter alia, directed tenant to pay the rent due to landlord plus attorney’s fees of $125 and court costs of $25 and further directed that tenant was entitled to a refund from landlord of $238.70 because his turning over the check to landlord at the "hearing” had resulted in an overpayment in that amount. It is from this order that tenant seeks to appeal.
In our view, tenant’s appeal from this order must be dismissed. Pursuant to UCCA 1702 (a) (2), appeals may be taken to this court from an order of a City Court when "the motion it decided was made upon notice” (cf., CPLR 5701 [a] [2]). Under CPLR 2211, "[a] motion on notice is made when a notice of the motion or an order to show cause is served.” Inasmuch as the order to show cause in the instant matter was not signed and served, it cannot be said that tenant’s motion was made upon notice and the appeal must be dismissed (CPLR 2211; see, Everitt v Health Maintenance Center, 86 AD2d 224).
We recognize that the Appellate Division for the First Department, concerned about preserving the right to appeal, has fashioned a somewhat different rule with respect to the appealability of certain pretrial orders made by IAS Judges (see, Matter of Grisi v Shainswit, 119 AD2d 418). But in view of the clear language of CPLR 2211 and of the availability to the instant tenant of other avenues of relief (see, e.g., CPLR 5704) we do not think the rule laid down in Grisi is applicable here.
*993 It should be emphasized that this court in no way approves of the procedure followed by the lower court in this proceeding. While the lower court may have been within its authority in refusing to sign the order to show cause, it clearly exceeded its authority when, having refused to sign the order to show cause, it directed that landlord’s attorney appear and that an immediate hearing be held. The court further erred when, having sworn in no witness, it proceeded to determine the issue of credibility. Finally, the court erred in granting affirmative relief to landlord when no application for such relief was made (see, CPLR 2215; Valenti Elec. Co. v Power Line Constructors, 123 AD2d 604; Matter of Briger, 95 AD2d 887).
DiPaola, P. J., Collins and Ingrassia, JJ., concur.