**Michael B. McQUEEN, Plaintiff,**

v.

**DOWNTOWN ATHLETIC CLUB OF NEW YORK CITY, INC. and North American Polymer Co., Inc., Defendants.**

**DOWNTOWN ATHLETIC CLUB OF NEW YORK CITY, INC., Third Party Plaintiff,**

v.

**U.S. PORCELAIN COMPANY, Third–Party Defendant.**

**No. 88 Civ. 0468 (MBM).**

United States District Court, S.D. New York.

May 17, 1991.

Gerald E. Fogerty, Roemer and Featherstonhaugh, P.C., New York City, for plaintiff Michael B. McQueen.

Steven Wolowitz, Mayer, Brown & Platt, New York City, for defendant North American Polymer Co., Inc.

## OPINION AND ORDER

MUKASEY, District Judge.

Defendant North American Polymer Co., Inc. ("North American") moves for a posttrial order applying New York General Obligations Law § 15–108 to plaintiff Michael McQueen's claims against it. For the reasons set forth below, the motion is granted.

## I.

Plaintiff was injured on defendant Downtown Athletic Club's premises on April 9, 1986 while using an overspray machine sold by North American to plaintiff's employer, U.S. Porcelain Company. North American answered plaintiff's complaint on March 21, 1988. However, the company's counsel later informed the court that it was "incapable of proceeding with the defense" and would therefore "not participate in the trial of this matter." Letter of A. Donald Baumgartner, October 2, 1990. North American acknowledged that a failure to appear at trial would "result in a default order being entered against [it]." *Id.* North American had previously informed the court and all the parties that it was incapable of providing a defense due to the death of the company's sole shareholder and a lack of funds to provide a defense. Letter of A. Donald Baumgartner, June 14, 1990. There is no dispute that North American had informed both the court and all parties of its intentions in a timely manner. Nor is there any indication that its failure to appear at trial otherwise prejudiced any other party.

Prior to trial, plaintiff accepted the sum of $238,000 in full settlement and release of any claims against U.S. Porcelain. Plaintiff has also received a total of $21,000 in workers' compensation benefits after the accident.

On November 21, 1990, a jury awarded plaintiff a total of $325,000 in past and future damages and assessed liability among the parties as follows:

| | |
|---|---|
| Michael McQueen | 25% |
| Downtown Athletic Club | 25% |
| North American Polymer | 25% |
| U.S. Porcelain Co. | 25% |

On January 24, 1991, after receiving proposed forms of judgment from the plaintiff and defendant Downtown Athletic Club, I entered a judgment against North American in the amount of $81,250 based on the proposal submitted by plaintiff. At the time I entered judgment, I was unaware that North American had not received a copy of plaintiff's proposal. Prior to receiving a notice of entry of the judgment

from plaintiff, North American had received only the proposed judgment submitted by Downtown Athletic Club. That proposal provided that plaintiff take nothing from each of North American and Downtown Athletic Club, after taking into account both the effect of the settlement with U.S. Porcelain and workers' compensation benefits.

Shortly after receiving notice of entry of the actual judgment, North American immediately appeared with a new attorney solely for purposes of contesting the judgment entered against it. By letter dated February 15, 1991, plaintiff acknowledged that he had failed to serve North American with notice of his proposed judgment. Accordingly, on February 19, 1991, with plaintiff's consent, I vacated the prior judgment with leave to resettle. The sole issue before me is whether General Obligations Law § 15–108 applies in favor of a joint tortfeasor that has defaulted by failing to appear at trial.

## II.

New York General Obligations Law § 15–108 (McKinney's 1991), provides, *inter alia*, that when a release is given to a joint tortfeasor, the release "reduces the claim of the releasor against the other tortfeasors" by the greater of: the amount stipulated in the release agreement, the amount received in consideration of the release, or the amount of the released tortfeasor's equitable share of the damages. Under the CPLR, plaintiff's net verdict before the settlement was $228,000.[1] Therefore, under the clear terms of the statute "the claim of the releasor," *i.e.* McQueen, should be reduced to zero.

Notwithstanding the apparently automatic applicability of the statute, plaintiff cites *J.A. Valenti Electric Co., Inc. v. Power Line Construction, Inc.*, 123 A.D.2d 604,

506 N.Y.S.2d 769 (2d Dep't 1986) and the Practice Commentary to McKinney's General Obligations Law for the proposition that the statute is unavailable to a party that fails to "affirmatively invoke the protection of the statute by an appropriate procedural device." Plaintiff's Memorandum of Law at 1.

In *Valenti*, the Second Department stated that the lower court did not err in failing to grant relief under the statute where the plaintiff had not served either a notice of motion or a notice of cross motion under the New York Civil Practice Law and Rules. 506 N.Y.S.2d at 770. That very brief opinion does not explain either the background of the case or the posture of the parties, and fails even to specify its holding. However, from the cases cited in the opinion, and from the fact that the court also denied the defendant's motion for resettlement, it appears that judgment already had been entered and that defendant had failed to file either a timely appeal or a timely motion to vacate. *See In re Briger*, 95 A.D.2d 887, 464 N.Y.S.2d 31, 32 (3d Dep't 1983). Therefore, it appears that the defendant in *Valenti* may have failed to assert its rights in a timely manner and that there may therefore have been prejudice to plaintiff from defendant's request to apply the statute.

Judge McLaughlin's practice commentary to Volume 23A of McKinney's states, at 701, that "if [a joint tortfeasor] wants to have a verdict against him reduced by the amount of [the settlement paid to the plaintiff] . . ., the burden is upon [the joint tortfeasor] to plead this as an affirmative defense under CPLR 3018(b)." However, in the very next sentence, in the same paragraph, Judge McLaughlin makes reference to the joint tortfeasor's burden of proof at trial with respect to settlements. Thus, it appears that the commentary is actually

---

1. This amount is calculated as follows:

$325,000   gross verdict for plaintiff
−21,000   set-off for collateral source medical payments made to plaintiff by workers' compensation carrier.
$304,000   net verdict
−76,000   plaintiff's comparative negligence (CPLR § 1411).

$228,000

**64**

referring to situations in which parties dispute the existence of a settlement. Here, the amount and terms of the settlement are not in dispute.

In this case, plaintiff shows no cognizable prejudice that would result from allowing North American to invoke the statute. As noted above, plaintiff acknowledges that he failed to provide North American with advance notice of his proposed judgment. North American entered an appearance with respect to this matter almost immediately after it became aware of the entry of judgment. Without deciding the application of New York State procedural rules to a federal court, and without deciding whether or not the CPLR actually requires a party to plead § 15–108 as an affirmative defense—notwithstanding the apparently automatic nature of the statute itself—it is sufficient to note that Fed.R. Civ.P. 15(a) directs a court to freely give leave to amend a pleading "when justice so requires."

The jury has already found that plaintiff is entitled to no more than $243,750 ($325,-000—25% contributory negligence) for his injuries. To date, plaintiff has received $21,000 in collateral source payments and $238,000 from the settlement, for a total of $259,000. To deny North American the benefit of the statute at this time would award plaintiff an unjustified windfall. Accordingly, North American's motion is granted. *See also In re Joint Eastern and Southern Districts Asbestos Litigation,* 124 F.R.D. 538, 540 (E.D.N.Y. and S.D.N.Y.1989) (applying § 15–108 pursuant to post-trial motion).

SO ORDERED.