■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX CRUZ, Appellant. [655 NYS2d 763] —Judgment, Supreme Court, Bronx County (Elbert Hinkson, J.), rendered June 14, 1995, convicting defendant, upon his guilty plea, of criminal possession of a weapon in the third degree, and sentencing him to a term of $2^1/_3$ to 7 years, unanimously affirmed.

The court properly enhanced defendant's promised sentence where defendant violated the conditions of the plea. Defendant's current contention that, having never warned defendant of the possibility of an enhanced sentence, the court was obligated to offer him the opportunity to withdraw the plea, is unpreserved and without merit (*People v Berdecia*, 223 AD2d 444). Moreover, an enhanced sentence, with no option to withdraw the plea, was independently justified by the fact that defendant obtained a favorable plea bargain through the use of false pedigree information (*see, People v Costello*, 231 AD2d 446). We perceive no abuse of sentencing discretion. Concur—Murphy, P. J., Sullivan, Milonas and Tom, JJ.

■ WILLIAM BORK et al., Appellants, v CITY OF NEW YORK et al., Respondents. [655 NYS2d 32] —Appeal from order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about August 6, 1996, which, insofar as appealed from, directed plaintiff, "[i]n the event that [he] decides to produce a vocational expert to testify to his inability or limited ability to be employed", to produce a copy of his vocational expert's report and to submit to an examination by defendant's vocational expert, unanimously dismissed, without costs, as taken from a nonappealable order.

The subject preliminary conference order is nonappealable since it was not made on notice (*see, Everitt v Health Maintenance Ctr.*, 86 AD2d 224). Were we to consider the merits, we would affirm, finding no improvident exercise of discretion by the motion court. Concur—Murphy, P. J., Sullivan, Milonas and Tom, JJ.