■ ALMA DeLUCA, Appellant, v FEDERATED DEPARTMENT STORES, INC., Respondent. [687 NYS2d 147] —Appeal from order, Supreme Court, New York County (Harold Tompkins, J.), entered July 13, 1998, which directed that plaintiff file a note of issue by July 8, 1998 and that defendant's medical examination of plaintiff would be waived if not conducted by July 8, 1998, unanimously dismissed, without costs, as taken from a nonappealable paper. Appeal from so much of an order, same court and Justice, entered July 15, 1998, as denied plaintiff's motion for disclosure sanctions against defendant, unanimously dismissed, without costs, as untimely. Order, same court and Justice, entered September 28, 1998, which, upon denying defendant's motion to vacate the note of issue filed by plaintiff on July 8, 1998 on the ground that a medical examination of plaintiff was necessitated by her simultaneous service of a supplemental bill of particulars alleging new injuries, insofar as appealed from, struck "the new injuries that are not sequella [*sic*]" of the injuries alleged in previous bills of particulars, unanimously modified, on the law, the facts, and in the exercise of discretion, the allegations as to the new

injuries reinstated, defendant granted leave to conduct a physical examination of plaintiff, and otherwise affirmed, without costs.

The July 13, 1998 order was clearly a nonappealable preliminary conference order (*see*, *Bork v City of New York*, 237 AD2d 218, citing *Everitt v Health Maintenance Ctr.*, 86 AD2d 224), and we reject plaintiff's claim that such order also "implicitly" denied her motion for disclosure sanctions. The July 15, 1998 order, which explicitly denied plaintiff's motion for disclosure sanctions, was not appealed in timely manner, and we reject plaintiff's attempt to avoid dismissal of the appeal by claiming that its own service of notice of entry of that order was a nullity because the order in fact had not yet been entered (*cf.*, CPLR 2101 [f]).

The motion court erred when it struck from plaintiff's supplemental bill of particulars all newly alleged shoulder injuries. While plaintiff served the supplement at the same time as she filed her note of issue, she was entitled to supplement the bill without leave of the court and to serve additional medical reports not less than 30 days before trial (CPLR 3043 [b]; Uniform Rules for Trial Cts [22 NYCRR] § 202.17 [g]). As such,defendant should be given the opportunity to conduct disclosure on the newly alleged injuries. Concur—Sullivan, J. P., Rosenberger, Tom and Lerner, JJ.