■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES O'CONNOR, Also Known as PAUL SHEA, Appellant. [714 NYS2d 474] —Judgment, Supreme Court, New York County (Bruce Allen, J., at plea; Brenda Soloff, J., at sentence), rendered June 12, 1997, convicting defendant of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The court properly imposed a greater sentence than had been conditionally promised at the time of the plea, and properly denied defendant's motion to withdraw the plea, in light of defendant's violation of all the conditions of the plea agreement as well as his misrepresentations about his identity and status as a first felony offender (*see, People v Black*, 253 AD2d 714; *People v Cruz*, 237 AD2d 218, *lv denied* 89 NY2d 1090; *see also, People v Murello*, 39 NY2d 879). Concur—Tom, J. P., Mazzarelli, Lerner, Rubin and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS E. OLIVENCIA, Appellant. [714 NYS2d 439] —Judgment, Supreme Court, Bronx County (John Stackhouse, J., at plea and sentence; Denis Boyle, J., at resentence), rendered October 7, 1998, convicting defendant of criminal sale of a controlled substance in the third degree, and resentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Defendant was properly sentenced as a second felony offender. Defendant did not establish any constitutional infirmity in his predicate conviction, since he failed to supply any specific proof that he did not sign a waiver of indictment in open court so as to overcome the presumption of regularity (*see, People v Torres*, 265 AD2d 226, *lv denied* 94 NY2d 886). Concur—Tom, J. P., Mazzarelli, Lerner, Rubin and Friedman, JJ.