■ TANCIA BROWN, Respondent, v BRINK ELEVATOR CORPORATION, Doing Business as HERK ELEVATOR CO., INC., Appellant. [998 NYS2d 884]—

Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered April 21, 2014, which, in this personal injury action, to the extent appealed from as limited by the briefs, denied defendant's motion to compel plaintiff to submit to a further deposition, and denied defendant's motion to compel plaintiff to undergo a physical examination by Dr. Douglas Cohen, and instead directed plaintiff to appear for examination by Dr. Daniel Feuer, unanimously reversed, on the law and the facts, without costs, and defendant's motion granted.

After plaintiff exercised her right to serve a second supplemental bill of particulars concerning continuing disabilities in her cervical spine, defendant was "entitled to newly exercise any and all rights of discovery" with respect to such newly alleged continuing disabilities (CPLR 3043 [b]; *see DeLuca v Federated Dept. Stores*, 259 AD2d 421, 422 [1st Dept 1999]). Defendant's discovery rights include the right to take a further deposition (CPLR 3106), and to notice a physical examination by a "designated physician" (CPLR 3121 [a]). Given the lack of any contention that the physician designated by defendant for a further physical examination was biased or would otherwise cause prejudice to plaintiff, the court improvidently exercised its discretion in requiring the further physical examination to be conducted by the same physician that conducted the initial examination (*Lewis v John*, 87 AD3d 564 [2d Dept 2011]). Concur—Mazzarelli, J.P., Sweeny, Moskowitz, DeGrasse and Manzanet-Daniels, JJ.