■ In the Matter of SEPHANIAH A., a Child Alleged to be Abused. JASMINE VANESSA J., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [845 NYS2d 301]—

Order of disposition, Family Court, New York County (Sara P. Schechter, J.), entered on or about March 20, 2006, which, upon a fact-finding determination that respondent mother derivatively abused the subject child, placed the child in the custody of the Commissioner of Social Services pending the completion of the next permanency hearing scheduled for June 12, 2006, unanimously affirmed insofar as it brings up for review the fact-finding determination, and the appeal otherwise dismissed as moot, without costs.

The challenge to the disposition is moot. The terms of the order have expired and the subject child has since been discharged to his father (*see Matter of Clifford J.*, 238 AD2d 244 [1997]).

Were we to review the merits, we would find that a preponderance of the evidence supported the determination that it was not in the best interests of the child to be returned to respondent.

The finding that respondent derivatively abused her son was supported by a preponderance of the evidence, including her failure to provide a reasonable explanation for injuries to her other children which led to prior findings of neglect and abuse (Family Ct Act § 1046 [a] [i]; *see Matter of Marino S.*, 100 NY2d 361, 374 [2003], *cert denied* 540 US 1059 [2003]). The prior findings were based not only on burns found on one child, but from a number of other unexplained injuries to that child and another. Respondent's general acceptance of responsibility is not dispositive, and it is noteworthy that at the time of the prior abuse, respondent did not merely assert a lack of knowledge, but affirmatively lied about the circumstances of the injury, and failed to bring the child in for medical treatment after allegedly discovering the injuries. Under these circumstances, the court properly concluded that respondent continued to have defective judgment regarding her duties as a parent, and thereby posed a risk to the subject child (*see Matter of Umer K.*, 257 AD2d 195, 199 [1999]). Given the very serious nature of the injuries, it is of no moment that the prior abuse occurred more than two years earlier (*Matter of Simone M.*, 298 AD2d 171 [2002]), and we find no reason to disturb the court's finding, which was based largely on its credibility determinations (*see Matter of Nasir J.*, 35 AD3d 299 [2006]). Contrary to respondent's argument, *Nicholson v Scoppetta* (3 NY3d 357 [2004]) does not require a different result (*and cf. Matter of Summer Y.-T.*, 32 AD3d 212 [2006]).

We have considered respondent's remaining arguments and find them unavailing. Concur—Friedman, J.P., Sullivan, Buckley and Malone, JJ.