In the Matter of BREEYANNA S., a Child Alleged to be Neglected. SIDNEY S., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondent. [847 NYS2d 515]—

Order of disposition, Family Court, New York County (Sara P. Schechter, J.), entered on or about June 27, 2006, which revoked a suspended judgment in favor of respondent father, upon a finding that respondent violated conditions of the suspended judgment, and placed the subject child with the Commissioner of Social Services until the permanency hearing scheduled for December 19, 2006, unanimously affirmed insofar as it revoked the suspended judgment, and the appeal otherwise dismissed as moot, without costs. Appeal from permanency hearing order, same court and Judge, entered on or about June 27, 2006, continuing the child's placement with the Commissioner of Social Services until the permanency hearing scheduled for December 19, 2006, unanimously dismissed as moot, without costs.

Revocation of the suspended judgment was appropriate, where a preponderance of the evidence established that respondent violated conditions of the suspended judgment (see Matter of Francisco Anthony C.F., 305 AD2d 410 [2003]). Respondent withheld information that he had previously been found to have committed physical and sexual abuse upon another child of his, and such information was critical to the agency's ability to provide appropriate supervision during the time that the child was released to his care. Not only did respondent neglect to provide this information, he failed to accept responsibility for the majority of the acts of abuse that he was found to have committed.

Respondent's appeal from the court's June 27, 2006 permanency hearing order is rendered moot by the fact that the order appealed from was superseded by subsequent permanency hearing orders, which continued the child's placement in foster care (see Matter of Jabarry W., 24 AD3d 218, 219 [2005], lv denied 6 NY3d 711 [2006]). Were we to consider the merits of respondent's appeal from this order, we would find that the evidence established that the child's continued placement in foster care was in her best interests.

We have considered respondent's remaining arguments and find them unavailing. Concur—Tom, J.P., Saxe, Friedman, Williams and Buckley, JJ.