■ In the Matter of BREEYANNA S., an Infant. SIDNEY S., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondent. [861 NYS2d 615]—

Appeal, insofar as taken from orders, Family Court, New York County (Sara P. Schechter, J.), entered on or about December 19, 2006 and July 17, 2007, which continued the subject child's placement with petitioner, approved a plan of reunification with the child's mother, and directed that respondent father's visitation remain supervised, unanimously dismissed as moot, and, insofar as taken from "all orders previously issued in this matter," as limited by the briefs, unanimously dismissed as abandoned, without costs.

The appeal is moot insofar as taken from the December 19, 2006 and July 17, 2006 permanency hearing orders, such orders having been superseded by subsequent permanency hearing orders continuing the child's placement in foster care and discharging her to the mother on a trial basis (*see* 45 AD3d 498 [2007], *lv denied* 10 NY3d 706 [2008]). Contrary to respondent's argument, the appeal does not bring up for review the August 11, 2005 fact-finding determination of neglect. Respondent abandoned the issue of neglect by failing to raise it in his prior

appeal from the June 27, 2006 order of disposition (45 AD3d 498 [2007], *supra; see Nam Tai Elecs., Inc. v UBS PaineWebber Inc.*, 46 AD3d 486, 486 [2007]; *cf. Matter of Sephaniah A.*, 45 AD3d 386, 386 [2007]). Were we to consider the merits, we would find that a preponderance of the evidence shows that respondent put the child's physical, mental or emotional condition in imminent danger of becoming impaired by continually leaving the child in the mother's care when he went to work although aware of the mother's then long-standing alcohol abuse (Family Ct Act § 1012 [f] [i] [B]; *see Matter of Ashante M.*, 19 AD3d 249 [2005]). Concur—Lippman, P.J., Andrias, Sweeny and Renwick, JJ.