■ In the Matter of TRISTRAM K., an Infant. JING K., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, and L.M.X. et al., Intervenors-Petitioners. In the Matter of TRISTRAM K., an Infant. DOUGLAS K. et al., Respondents; JING K., Appellant. [884 NYS2d 655]—

Order, Family Court, New York County (Sara P. Schechter, J.), entered on or about April 14, 2008, which terminated the placement of the subject child with the Commissioner of Social Services and discharged him to the custody of petitioners Douglas and Corrine K., and modified petitioner agency's permanency plan for the child so as to place him permanently with the K.'s, unanimously affirmed, without costs. Order, same court and Justice, entered on or about April 14, 2008, which awarded custody of the child to Douglas and Corrine K., unanimously affirmed, without costs.

Respondent mother abandoned the issue of neglect by choosing not to challenge the finding of neglect brought up for review by her appeal from the prior dispositional order (see CPLR 5501 [a] [1]; Matter of Breeyanna S., 52 AD3d 342 [2008], lv denied 11 NY3d 711 [2008]).

The record reveals the presence of extraordinary circumstances that warrant depriving respondent of the custody of her child and demonstrates that the best interests of the child will be served by awarding custody to Douglas and Corrine K., the child's uncle and aunt (see Matter of Bennett v Jeffreys, 40 NY2d 543, 544 [1976]). The events leading to respondent's long separation from the child were set in motion by respondent's absconding to China with the child during an unsupervised visit. During this separation, the child bonded with his uncle and aunt, who have provided him with a stable, loving, and supportive home, in which he has thrived.

This determination is without prejudice to Family Court's consideration of the issue of visitation (see *Matter of Tristram K.*, 2006 NY Slip Op 73581[U] [2006]; *Matter of Tristram K.*, 25 AD3d 222, 227-228 [2005]; *Matter of Tristram K.*, Fam Ct, NY County, Apr. 14, 2008, Schechter, J., docket No. V14734/06). Indeed, the court stated that the subject of visitation may be addressed again when the custody issue has been settled. In the interim, the court advised communication by mail, e-mail, photographs and video and audio recordings to preserve "a realistic picture" of respondent in the child's mind and to prepare for the time when there may again be direct visitation between them.

We have considered respondent's remaining contentions and find them unavailing. Concur—Andrias, J.P., Catterson, Renwick, DeGrasse and Freedman, JJ.