■ In the Matter of SPENCER ISAIAH R., an Infant. SCO FAMILY OF SERVICES, Respondent; SPENCER R. SR., Appellant, et al., Respondent. [911 NYS2d 351]—

Appeal from dispositional order, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about August 3, 2009, which, after a fact-finding hearing, inter alia, terminated respondent's parental rights and held that pursuant to Domestic Relations Law § 111 (1) (d), he is not a parent whose consent is required before freeing his child for adoption, and, in the alternative, held that pursuant to Social Services Law § 384-b, respondent abandoned the subject child, unanimously dismissed, without costs, as it fails to challenge the Family Court's threshold determination that respondent is not a consent father.

A proceeding to terminate parental rights on the ground of abandonment may only be brought against a parent whose consent to the child's adoption is required under Domestic Relations Law § 111 (1) (Social Services Law § 384-b [4] [b]; *Matter of Christy R.*, 183 AD2d 434 [1992]; *Matter of William B.*, 47 AD3d 983 [2008], *lv denied* 11 NY3d 702 [2008]). Here, Family Court made the threshold determination that respondent father's consent was not required prior to adoption, but also made an alternative finding that he abandoned the subject child. On appeal, respondent father challenges only the alternative finding of abandonment. Accordingly, he has abandoned any appellate challenge to Family Court's threshold determination that his consent to adoption was not required (*Matter of Tristram K.*, 65 AD3d 894 [2009]; *Matter of Breeyanna S.*, 52 AD3d 342 [2008], *lv denied* 11 NY3d 711 [2008]). In so doing, respondent father obviates any need for this Court to address his challenge to the finding of abandonment. Concur—Gonzalez, P.J., Tom, Sweeny, Richter and Manzanet-Daniels, JJ.