Fermanency hearing order, Family Court, New York County (Jody Adams, J.), entered on or about July 10, 2012, which changed the permanency goal for the subject child from return to parent to placement for adoption, unanimously affirmed, without costs. Appeal from order, same court and Judge, entered on or about July 10, 2012, which denied respondent mother’s motion to vacate the portions of a dispositional order entered on or about November 16, 2011, requiring her to comply with a referral for a drug treatment assessment and psychiatric evaluation, unanimously dismissed, without costs.
Family Court Act § 1061 provides that “[flor good cause shown and after due notice,” the court may “set aside, modify or vacate any order issued in the course of a [child protective] proceeding.” However, respondent abandoned the issue of the requirement that she comply with a drug treatment and psychiatric assessment and any recommendations by failing to raise it in her appeal from the dispositional order (see Matter of Breeyanna S., 52 AD3d 342 [1st Dept 2008], lv denied 11 NY3d 711 [2008]). Accordingly, respondent’s appeal from the denial of her motion to vacate portions of the dispositional order should be dismissed. Were we to reach the merits, we would find that respondent failed to establish good cause to vacate or modify the dispositional order, since she made no showing that she had already complied with a complete psychiatric or drug treatment evaluation.
Since the July 10, 2012 permanency order changed the permanency goal for the child from return to mother to adoption, it is not moot (see Matter of Jacelyn TT. [Tonia TT. — Carlton TT.], 80 AD3d 1119 [3d Dept 2011]). On the merits, the court properly found that petitioner agency met its burden of showing, by a preponderance of the evidence, that the change in Alexander’s goal was appropriate (see Matter of Acension C.L. [Jesate J.], 96 AD3d 1059 [2d Dept 2012]). Concur — Sweeny, J.E, DeGrasse, Manzanet-Daniels and Clark, JJ.