Matter of Amollyah B. (Tiffany R.) (2018 NY Slip Op 03273)





Matter of Amollyah B. (Tiffany R.)


2018 NY Slip Op 03273


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


512 CAF 17-00252

[*1]IN THE MATTER OF AMOLLYAH B., BRINNLEY B., BROOKLYN B., AND VANESSAH B. 
JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; TIFFANY R., RESPONDENT-APPELLANT. 






THE SAGE LAW FIRM GROUP, PLLC, BUFFALO (KATHRYN FRIEDMAN OF COUNSEL), FOR RESPONDENT-APPELLANT.
DAVID J. PAULSEN, COUNTY ATTORNEY, WATERTOWN (ARTHUR C. STEVER, IV, OF COUNSEL), FOR PETITIONER-RESPONDENT.
CARRIE M. MASON, ADAMS, ATTORNEY FOR THE CHILDREN.
MELISSA L. KOFFS, CHAUMONT, ATTORNEY FOR THE CHILD.


 Appeal from an order of the Family Court, Jefferson County (Eugene J. Langone, Jr., J.), entered January 4, 2017 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, modified the permanency goal for the subject children to placement for adoption or placement with a relative. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order in which Family Court modified the permanency goals with respect to the mother's four children from reunification to adoption or placement with a relative.
We conclude that the mother's appeal must be dismissed. Initially, we note that the mother did not appeal from the order of fact-finding and disposition in which the court made a finding of neglect. Consequently, because the mother failed to appeal from that order, her contentions with respect to the finding of neglect are not properly before us in this appeal from a permanency order (see generally Matter of Arkadian S. [Crystal S.], 130 AD3d 1457, 1458 [4th Dept 2015], lv dismissed 26 NY3d 995 [2015]; Matter of Breeyanna S., 52 AD3d 342, 342-343 [1st Dept 2008], lv denied 11 NY3d 711 [2008]; Matter of James H., 281 AD2d 920, 920-921 [4th Dept 2001], appeal dismissed 96 NY2d 896 [2001], cert denied 534 US 1090 [2002]). Furthermore, the mother's challenge to the permanency order must be dismissed as moot inasmuch as superseding permanency orders have since been entered (see Matter of Anthony L. [Lisa P.], 144 AD3d 1690, 1691 [4th Dept 2016], lv denied 28 NY3d 914 [2017]; Matter of Alexander M. [Michael M.], 83 AD3d 1400, 1401 [4th Dept 2011], lv denied 17 NY3d 704 [2011]; Breeyanna S., 52 AD3d at 342).
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court