Matter of Gabrielle N. N. (Jacqueline N. T.) (2019 NY Slip Op 03296)





Matter of Gabrielle N. N. (Jacqueline N. T.)


2019 NY Slip Op 03296


Decided on April 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2019

Renwick, J.P., Richter, Gesmer, Kern, Singh, JJ.


9144A 9144

[*1] In re Gabrielle N. N., And Others, Children Under the Age Eighteen Years, etc., Jacqueline N. T., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Andrew J. Baer, New York, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Mackenzie Fillow of counsel), for respondent.
Dawne A. Mitchell, The Legal aid Society, New York (Diane Pazar of counsel), attorney for the children.



Appeal from permanency hearing order, Family Court, Bronx County (Ruben A. Martino, J.), entered on or about February 24, 2016, unanimously dismissed, without costs, as moot. Appeal from permanency hearing order, same court and Judge, entered on or about February 28, 2018, upon consent, unanimously dismissed, without costs, as taken by a nonaggrieved party.
The appeal from the February 2016 permanency hearing order is moot because the order was superseded by a permanency hearing order issued in 2017 (see Matter of Qualiayah J. [Taneka J.], 149 AD3d 495 [1st Dept 2017], lv denied 29 NY3d 913 [2017]; Matter of Breeyanna S., 52 AD3d 342 [1st Dept 2008]). Respondent argues that the appellate issues are preserved because the order changed the permanency goal from that stated in the preceding order, issued on September 2, 2015. However, the permanency goal of "placement for adoption, including consideration of interstate options pending a parental rights termination petition already filed," set forth in the February 2016 order is identical to the goal stated in the September 2, 2015 order.
It is also not a ground for appeal that the court stated at the September 1, 2015 permanency hearing that the permanency goal was placement for adoption with concurrent planning for return to parent, which respondent argues constituted impermissible concurrent inconsistent goals (see Family Court Act § 1089[d][2][I]). The 2016 written order, which states that the approved permanency goal is placement for adoption, corrected the error (see Matter of Timothy GG. [Meriah GG.], 163 AD3d 1065 [3d Dept 2018], lv denied 32 NY3d 908 [2018]).
The February 2018 permanency hearing order was entered upon respondent's consent. Therefore, respondent is not an aggrieved party within the meaning of CPLR 5511 (see Matter of Nafees F., 162 AD3d 416 [1st Dept 2018]).
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2019
CLERK