Matter of Destiny F. (Melissa F.) (2022 NY Slip Op 06345)

Matter of Destiny F. (Melissa F.)

2022 NY Slip Op 06345

Decided on November 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

660 CAF 21-00142

[*1]IN THE MATTER OF DESTINY F., SHYQUEST E., AND LAMEEK E. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; MELISSA F. AND EDWARD F., RESPONDENTS. TAKARA E., APPELLANT (APPEAL NO. 7.).

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR APPELLANT.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (JOSEPH M. MARZOCCHI OF COUNSEL), FOR PETITIONER-RESPONDENT.
SHARON P. O'HANLON, SYRACUSE, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Genesee County (Thomas M. DiMillo, A.J.), entered December 23, 2020 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, transferred respondent's guardianship and custody rights with respect to the subject child to petitioner. 
Appeal from an order of the Family Court, Onondaga County (Julie A. Cerio, J.), entered June 30, 2021 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, placed the subject children in the custody of petitioner.
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Non-respondent mother appeals from an order that, inter alia, temporarily removed two of her children from the custody of respondents, modified a prior order temporarily removing her third child from the custody of respondents, and placed all three children in the custody of petitioner during the pendency of an underlying neglect proceeding against respondents. We dismiss the appeal as moot because, while the appeal was pending, Family Court entered an order of fact-finding and disposition determining that respondents neglected the children and placing the children in petitioner's custody. An appeal from an order temporarily removing children from a home during the pendency of a proceeding pursuant to Family Court Act article 10 becomes moot at the point "an order of disposition has been entered" (Matter of John S. [Monique S.], 26 AD3d 870, 870 [4th Dept 2006]). Contrary to the mother's contention, "[i]nasmuch as a temporary order [of removal] is not a finding of wrongdoing, the exception to the mootness doctrine does not apply" (Matter of Nickolas B. [Katherine F.L.], 167 AD3d 1538, 1539 [4th Dept 2018] [internal quotation marks
omitted]).
Entered: November 10, 2022
Ann Dillon Flynn
Clerk of the Court