Matter of A.E.H.L. (Florentino H.-C.) (2025 NY Slip Op 00393)

Matter of A.E.H.L. (Florentino H.-C.)

2025 NY Slip Op 00393

Decided on January 28, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 28, 2025

Before: Webber, J.P., Friedman, Scarpulla, Rosado, JJ. 

Docket No. B-8020-23/22 Appeal No. 3568-3569-3570-3571 Case No. 2024-03670, 2024-03671, 2024-03672, 2024-03086 

[*1]In the Matter of A.E.H.L., and Others, Children Under Eighteen Years of Age, etc., Florentino H.-C., Respondent-Appellant, Saint Dominic's Family Services, Petitioner-Respondent.

Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Law Office of Ira. L. Eras, P.C., Brooklyn (Ira L. Eras of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the children.

Orders, Family Court, Bronx County (Karen M.C. Cortes, J.), entered on or about May 1, 2024, which, insofar as appealed from, upon a finding of permanent neglect, terminated respondent father's parental rights as to the subject children A.E.H.L, A.K.H.L , and M.A.H.L., and transferred custody of the children to petitioner agency and the Commissioner of the Administration for Children's Services (ACS) for the purposes of adoption, unanimously affirmed, without costs. Appeal from order, same court and Judge, entered on or about May 1, 2024, which, after a fact-finding hearing, held that respondent was not entitled to notice before freeing the child J.C.H.L. for adoption, unanimously dismissed, without costs, as respondent fails to challenge Family Court's determination that respondent is not a consent father.
Clear and convincing evidence supports the finding that the father permanently neglected the elder children (Social Services Law § 384-b[7][a], [f]). Contrary to the father's contention, the record supports Family Court's determination that the agency made diligent efforts to encourage and strengthen his relationship with the children, including referring the father to anger management, domestic violence, parenting skills classes, and scheduling regular visits with the children (see Matter of Julianna Victoria S. [Benny William W.], 89 AD3d 490, 491 [1st Dept 2011], lv denied 18 NY3d 805 [2012]). Despite these diligent efforts, during the relevant statutory period, the father only completed his parenting class, partially completed his anger management class, and failed to consistently visit the children, doing so only five times in more than a year (see Matter of Zariah M.E. [Alexys T.], 171 AD3d 607, 608 [1st Dept 2019]). The father also failed to plan for the children's future by obtaining suitable housing, only agreeing to do so in the event the children were returned to him. Nor did the father plan for the children's future by making efforts to understand and gain insight into their special needs, of which the agency informed him.
A preponderance of the evidence supports Family Court's determination that it was in the children's best interests to terminate the father's parental rights with respect to the three elder children and free them for adoption (see Matter of Raul R. [III] [Raul R.—Cinthia R.], 199 AD3d 594, 595 [1st Dept 2021], lv denied 38 NY3d 944 [2022]). The father failed to raise any arguments on appeal with respect to Family Court's determination that no party was entitled to notice of the adoption of the youngest child, rendering those arguments abandoned, and the appeal from that dispositional order dismissed (see e.g. Matter of Spencer Isaiah R. [Spencer R.], 78 AD3d 561 [1st Dept 2010]). In any event, the father failed to establish that he would be able to care for the children on a permanent basis. The father testified to having only vague plans to arrange his work schedule to manage their care and to secure adequate [*2]housing at some future point, and he took no steps to understand his children's special needs (Matter of Raul R. III, 199 AD3d at 595). The evidence also established that a suspended judgment was not warranted where, as here, the children have been living for years in their foster homes where their needs are being met, and both foster mothers are pursuing adoption (see Matter of Angelica D. [Deborah D.], 157 AD3d 587, 588 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2025