Matter of Phillip M. (Phillip M.) (2025 NY Slip Op 07150)

Matter of Phillip M. (Phillip M.)

2025 NY Slip Op 07150

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, GREENWOOD, AND HANNAH, JJ.

849 CAF 24-01421

[*1]IN THE MATTER OF PHILLIP M. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT;
and
PHILLIP M., RESPONDENT-APPELLANT.

MINDY L. MARRANCA, BUFFALO, FOR RESPONDENT-APPELLANT.
AMY INZINA, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ASHLEY JINDRA OF COUNSEL), ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Shannon E. Filbert, J.), entered June 25, 2024, in a proceeding pursuant to Family Court Act article 10. The order, among other things, temporarily removed the subject child from respondent's care. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent father appeals from an order that, inter alia, temporarily removed the subject child and placed the child in the custody of a relative during the pendency of the neglect proceeding against the father. While this appeal was pending, Family Court entered a superseding permanency order, and the father's appeal from the temporary order must therefore be dismissed as moot (see Matter of Zyion B. [Fredisha B.], 224 AD3d 1285, 1285-1286 [4th Dept 2024]; Matter of Nyjeem D. [John D.], 174 AD3d 1424, 1425 [4th Dept 2019], lv denied 34 NY3d 911 [2020]; see also Matter of Breeyanna S., 45 AD3d 498, 498 [1st Dept 2007], lv denied 10 NY3d 706 [2008]). We note that, "[i]nasmuch as a temporary order is not a finding of wrongdoing, the exception to the mootness doctrine does not apply" (Matter of Faith B. [Rochelle C.], 158 AD3d 1282, 1282-1283 [4th Dept 2018], lv denied 31 NY3d 910 [2018] [internal quotation marks omitted]; see Matter of Destiny F. [Takara E.], 210 AD3d 1399, 1400 [4th Dept 2022]; Matter of Nickolas B. [Katherine F.L.], 167 AD3d 1538, 1539 [4th Dept 2018]).
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court