■ Margaret Catalane, Also Known as Peggy Catalane, Respondent, v Plaza 400 Owners Corp., Respondent, and Johnson Controls, Inc., Appellant. (Action No. 1.) Plaza 400 Owners Corp., Respondent, v Johnson Controls, Inc., Appellant. (Action No. 2.)

In these procedurally complex actions arising from a water leak which allegedly caused personal injuries to plaintiff and damage to her apartment, located in a building owned by defendant Plaza, defendant Johnson, a contractor that had performed work on the building's heating system, has taken appeals from four orders, two in the form of oral rulings, entered over a period of several months, after counsel for Johnson refused to permit more than one attorney to question its witness. Defendant Plaza is represented by different attorneys in the principal action and in a second action it instituted against Johnson for property damage allegedly sustained on October 8, 10 and 14, 1981. In the main action plaintiff sued Plaza and Johnson for property damage alleged to have been sustained on October 7, 1981. Plaza cross-claimed against Johnson in that action. By a supplemental summons and amended complaint, plaintiff sought to recover for both personal injuries and property damage arising from a subsequent water leak on October 8, 1981. She is represented by two different attorneys, one representing her personally and the other, who is pursuing her subrogee's property damage claim, nominally. Both actions were consolidated.

After Johnson refused to permit examination of its witness by more than one attorney for plaintiff and one for Plaza, an oral ruling was made on the record by Justice Shorter on October 4, 1985, clarifying his earlier pre-calendar-conference order, scheduling Johnson's deposition for October 17, 1985, and permitting all four lawyers to question its witness. On October 16, Johnson's attorney informed counsel for the other parties that he would not produce its witness on October 17 because Johnson intended to appeal from the October 4th ruling, upon which an order had not yet been entered, although a copy of the minutes of the October 4th proceedings was received by Johnson's attorney on October 11th. On October 17th, all attorneys but Johnson's appeared ex parte before Justice Shorter after Johnson defaulted in appearing for deposition, and obtained a ruling striking Johnson's answers to the complaints and cross claim and levying costs for the transcript and lawyer's fees.

Subsequently, plaintiff and Plaza moved in writing for an inquest against Johnson. In its opposition Johnson argued that it could not take appeals from the prior rulings because in neither case had an order been entered thereupon. It also noted the pendency of an order to show cause, returnable on November 8th, to vacate the earlier rulings and reinstate the answers. The motions for an inquest were granted by order entered February 3, 1986, and the court denied as moot the relief requested by the order to show cause. In the interim, on November 4th, transcripts of the October 4th and 17th rulings were entered in the County Clerk's office. Johnson has appealed from the so-called November 4, 1985 orders reflecting the October 4th and 17th rulings and the order entered on February 3, 1986. This court has granted a stay pending disposition of the appeals.

We have recently reaffirmed the principle "that courts have the inherent power, and indeed responsibility, so essential to the proper administration of justice, to control their calendars and to supervise the course of litigation before them." *(Matter of Grisi v Shainswit,* 119 AD2d 418, 421; *see also, Headley v Noto,* 22 NY2d 1, 4; *Cohn v Borchard Affiliations,* 25 NY2d 237, 249-250.)* In this case, the court clearly could direct the scope and manner of deposition, and impose sanctions if a party failed to obey. Johnson did not have an automatic stay pending appeal merely because it expressed an intention to appeal. If it felt itself aggrieved by an erroneous ruling, it could easily have protected its rights by timely moving on notice to vacate or modify the ruling *(see, Everitt v Health Maintenance Center,* 86 AD2d 224) or entering an order itself, serving a notice of appeal and seeking a stay before the scheduled examination. *(See, Matter of Grisi v Shainswit, supra.)* Its self-professed, good-faith intention to appeal did not constitute a barrier to discovery.

Nevertheless, better practice would have been to give Johnson formal notice, after its default in appearing at the deposition, of plaintiff's and Plaza's application before the imposition of so drastic a sanction as the striking of its answers. It had vigorously defended its position prior to the deposition and, although in default, should have been given an opportunity to be heard. The short span of time between its refusal to permit its witness to be further deposed on October 4th and its subsequent default and the ruling striking its answer on October 17th made somewhat difficult the making of a motion to vacate or modify or the entry of an order, the filing of an appeal and an application for a stay. Apparently, Johnson is

now amenable to an examination of its witness by all four lawyers. Although we in no way condone the actions of Johnson's attorney, in our discretion we believe Johnson should be given one final opportunity to appear for deposition. Concur—Sandler, J. P., Sullivan, Carro, Kassal and Wallach, JJ.