■ Ira Holskin, Appellant, v 22 Prince Street Associates et al., Respondents.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered September 25, 1990, which held defendant Miller in civil contempt and awarded plaintiff costs and expenses of $5,000 pursuant to Judiciary Law § 773, unanimously modified, on the law and the facts, to award plaintiff costs and expenses of $59,316.31, and otherwise affirmed, with costs.

The action seeks, *inter alia,* dissolution of defendants' limited partnerships, appointment of a receiver, an accounting

and damages against the general partners. Plaintiff was granted partial summary judgment on the accounting claims, and defendants were ordered to produce books and records. Claiming the defendants, led by general partner Miller, were frustrating the accounting by refusing to provide needed documentation, plaintiff moved for contempt, and obtained an order directing defendants to either produce the specified documents or state that they did not exist. Claiming continued recalcitrance by defendants, particularly Miller, plaintiff again moved to hold defendants in contempt. At the hearing, plaintiff produced unrebutted testimony from his accountant that $22,994 of its $39,963 fee was attributable to the review of irrelevant documents, appearances in court in connection with the two contempt motions, and assisting counsel in the preparation of the contempt motions. Plaintiff's attorney testified with respect to his fee, offering proof showing that plaintiff incurred $36,322.31 in legal fees attributable to the contempt. The court found defendant Miller in contempt and fined him $250, but, after stating only that "the amount sought is out of line," allowed costs and expenses of only $5,000.

Judiciary Law § 773 provides for recovery of the complainant's costs and expenses incurred as a result of a contempt. Counsel fees and other professional fees are properly included as items of such costs and expenses (*Glanzman v Fischman,* 143 AD2d 880, *lv dismissed* 74 NY2d 792). "It is irrelevant whether the legal fees incurred are attributable to proving the contempt or whether they are attributable to proving the damages flowing therefrom. In both instances, the fees are a direct product of the contempt proceeding and are, therefore, properly recoverable." (*Supra,* at 881.) And since the court, when it decides to eliminate hours of service adequately documented by the attorney, must identify those hours and articulate its reasons for their elimination (*Matter of Rahmey v Blum,* 95 AD2d 294, 301, citing *Northcross v Board of Educ.,* 611 F2d 624, 637, *cert denied* 447 US 911), the party opposing a fee application is well advised to articulate the reasons why particular hours or items of work should not be compensated, or, if compensated, then at a lower rate than that sought (*Kumble v Windsor Plaza Co.,* 161 AD2d 259, *lv denied* 76 NY2d 709).

Here, unrebutted evidence was presented showing that the reasonable and necessary costs and expenses incurred as a result of the contempt totalled $59,316.31. The court, however, awarded only $5,000, articulating no reason for this drastic

reduction other than its belief that the amount sought was "out of line." Nor are any reasons offered by defendants on appeal.

It is therefore evident that the award was not commensurate with the services necessitated by the contemptuous conduct *(Entertainment Publs. v Modroukas,* 117 AD2d 508). Accordingly, the order is modified to increase the award for account and legal fees and disbursements to $59,316.31. Concur—Kupferman, J. P., Asch, Kassal and Rubin, JJ.