■ NEUMAN ROSENBLATT & MARSCOVETRA, Appellant, v STEVEN YOHAY et al., Respondents. [736 NYS2d 7] —Order and judgment (one paper), Supreme Court, New York County (Beatrice Shainswit, J.), entered November 8, 2000, which, in an action by an accounting firm for services rendered, insofar as appealed from, granted defendant clients' motion to confirm, and denied plaintiff's cross motion to disaffirm, a Special Referee's report recommending against piercing any of defendants' corporate veils, and further recommending particular amounts to be awarded in favor of plaintiff and against particular defendants, unanimously modified, on the facts, to increase the amounts awarded as indicated herein, and otherwise affirmed, without costs.

Plaintiff's allegation that the individual defendant asked it to continue working for him and the corporate defendants he dominated while harboring an intent to hide behind the corporate forms to avoid paying for plaintiff's services lacks evidentiary support sufficient to warrant piercing any of corporate veils (*see, Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141-142). It is also pertinent, as the Special Referee emphasized, that plaintiff over the years sent separate invoices to defendants, and that the corporate defendants, which were all formed by plaintiff, kept separate records and bank accounts, filed separate tax returns, and otherwise respected corporate formalities in accordance with procedures implemented or approved by plaintiff (*see, id.*). Concerning the value of plaintiff's services, for unstated reasons the Special Referee's totals are less than the amounts on the notations on the invoices that he credited and cited as the basis for his valuation. Accordingly, we modify to increase the principal amounts of the awards as follows (*see, Holskin v 22 Prince St. Assoc.*, 178 AD2d 347, 348-349): $22,435 as against defendant Installations by Folder, Inc.; $9,947.50 as against defendant Daggun Electrical Co.; and $9,240 as against defendant Folder Management Corp. We have considered plaintiff's other arguments and find them unavailing. Concur—Sullivan, J.P., Rosenberger, Lerner, Rubin and Buckley, JJ.