■ CASCADE MUSHROOM CO., INC., Appellant, v AUX DELICES DES BOIS, INC., Defendant, and THIERRY FARGES, Respondent. [739 NYS2d 573] —Order and judgment (one paper), Supreme Court, New York County (Jane Solomon, J.), entered June 4, 2001, which, upon plaintiff's motions to confirm a Special Referee's reports recommending that respondent be held in contempt for defying restraining notices and fined $9,305.76 for plaintiff's actual loss, $19,923.75 for plaintiff's attorneys' fees, $842.49 for plaintiff's attorneys' disbursements, and $250 in addition thereto, insofar as appealed from, eliminated the award for disbursements, reduced the award for attorneys' fees to $9,000, and refused to award prejudgment interest on the award for actual loss, unanimously modified, on the law and the facts, to reinstate the award for disbursements and increase

the award for attorneys' fees to $19,071.25, and otherwise affirmed, without costs.

It was error to reduce the $19,923,75 fee award recommended by the Special Referee to $9,000 with no explanation other than that the amount recommended "is excessive in light of the value of the underlying action," and it was also error to eliminate the disbursements award without any explanation at all (see, Holskin v 22 Prince St. Assoc., 178 AD2d 347). Upon review, we find that the hours claimed by plaintiff's attorneys are adequately documented and that the record otherwise supports the Special Referee's findings as to the reasonable value of their services attributable to the contempt (see, Namer v 152-54-56 W. 15th St. Realty Corp., 108 AD2d 705), except that 1.1 hours of legal research were billed twice and a hearing that took only two hours was billed at four hours. Accordingly, we modify so as to reduce the fee award recommended by the Special Referee by $852.50. Concerning the refusal to award prejudgment interest, we note that both parties assume that contempt proceedings are equitable in nature, and find no abuse of discretion where plaintiff was awarded prejudgment interest in its underlying action for goods sold and delivered (CPLR 5001 [a]; cf., Matter of Meloni v Goord, 267 AD2d 977, lv dismissed 94 NY2d 944). We have considered plaintiff's other arguments and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Andrias, Rosenberger and Friedman, JJ.