**Manhattan Realty Co. 1, LP v YSI Inc.**

2024 NY Slip Op 31222(U)

April 9, 2024

Supreme Court, New York County

Docket Number: Index No. 650800/2020

Judge: Louis L. Nock

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    **HON. LOUIS L. NOCK**       PART         **38M**

*Justice*

------------------------------------------------------------------------------X

MANHATTAN REALTY COMPANY 1, LP,

               Plaintiff,

            - v -

YSI INC. and SHU IKEDA,

               Defendants.

------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650800/2020 |
| **MOTION DATE** | 09/21/2023 |
| **MOTION SEQ. NO.** | 003 |

### DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document numbers (Motion 003) 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 90, 91, 92, 106, 107, 108, 109, 110, 111, 112, 113, 115, 116, 117, and 119 were read on this motion for        AN ORDER OF CONTEMPT        .

LOUIS L. NOCK, J.S.C.

Upon the foregoing documents, defendants' motion to hold nonparties Great American Restoration Services, Inc., and Samiro Services, Inc., doing business as Scientific Fire Prevention Co. (the "subpoenaed witnesses"),[1] in contempt of court is granted, without opposition, for the reasons set forth in the moving affirmation of Rebecca Zittell, Esq. (NYSCEF Doc. No. 80), and the exhibits attached thereto, in which the court concurs, as summarized herein.

An application for civil contempt requires proof that "a lawful order of the court, clearly expressing an unequivocal mandate, was in effect" (*Matter of McCormick v Axelrod*, 59 NY2d 574, 583 [1983], *amended*, 60 NY2d 652 [1983]).  Further, "[i]t must appear, with reasonable certainty, that the order has been disobeyed . . . [that] the party to be held in contempt . . . had knowledge of the court's order . . . [and] prejudice to the right of a party to the litigation must be

---

[1] The motion has been withdrawn against nonparties Carl Guinta Associates Inc. and Spring Scaffolding LLC (NYSCEF Doc. Nos. 92, 119).

**650800/2020   MANHATTAN REALTY COMPANY 1, LP vs. YSI INC.**         **Page 1 of 4**
**Motion No.  003**

[* 1]

demonstrated" (*id.*).  The party applying for a contempt finding has the burden to prove these elements by "clear and convincing evidence" (*El-Dehdan v El-Dehdan*, 26 NY3d 19, 29 [2015]). Both the CPLR and the Judiciary Law provide that the failure to appear and give testimony when subpoenaed to do so shall be punishable as a contempt of court (CPLR 2308[a] ["Failure to comply with a subpoena issued by a judge, clerk or officer of the court shall be punishable as a contempt of court"]; Judiciary Law § 753[A][5] [punishing for civil contempt "(a) person subpoenaed as a witness, for refusing or neglecting to obey the subpoena, or to attend, or to be sworn, or to answer as a witness"]).

Here, the subpoenaed witnesses previously failed to respond to subpoenas duces tecum served on them by defendants herein in order to obtain information in support of defendants' counterclaims.  This court, by decision and order dated April 26, 2023, directed that the subpoenaed witnesses respond to the subpoenas served on them by May 10, 2023, and upon the failure of said parties to respond, defendants were given leave to immediately seek an order of contempt (decision and order, NYSCEF Doc. No. 66).

Defendants re-served the subpoenaed witnesses with the subpoenas via the Secretary of State pursuant to Business Corporation Law § 306 (NYSCEF Doc. Nos. 83, 84).  The court notes that it is unlikely that the subpoenas reached the subpoenaed witnesses before the court's deadline of May 10, 2023.  However, sufficient time passed for receipt prior to defendants' application for contempt, and defendants assert that as of September 21, 2023, the subpoenaed witnesses had still not responded to the subpoenas (Zittell affirmation, NYSCEF Doc. No. 80, ¶ 19).

The subpoenaed witnesses offer no opposition to the motion and have at no time offered any excuse for their failure to respond to the subpoenas.  Their failure to comply has prejudiced

**650800/2020   MANHATTAN REALTY COMPANY 1, LP vs. YSI INC.**
**Motion No.  003**

**Page 2 of 4**

2 of 4

defendants' ability to prosecute their counterclaims (Judiciary Law § 753[A]; *Matter of McCormick*, 59 NY2d at 583). Accordingly, the court finds the subpoenaed witnesses in contempt for their failure to obey this court's order compelling compliance with the subpoenas. In addition, plaintiffs are entitled to recover their costs and reasonable attorneys' fees incurred as a result of the subpoenaed witnesses' failure to comply with the subpoenas and the court's prior order, as well as a fine assessed against both witnesses of $150 each (CPLR 2308 [a]; Judiciary Law § 773; *Holskin v 22 Prince St. Assoc.*, 178 AD2d 347, 348 [1st Dept 1991]).

Accordingly, it is hereby

ORDERED that the motion is granted without opposition; and it is further

ADJUDGED that nonparties Great American Restoration Services, Inc., and Samiro Services, Inc., doing business as Scientific Fire Prevention Co., are guilty of a civil contempt of court in that they willfully disobeyed the provisions of the order of the court dated April 26, 2023, by reason of their failure to respond to subpoenas duces tecum as lawfully mandated therein; and it is further

ORDERED that nonparties Great American Restoration Services, Inc., and Samiro Services, Inc., doing business as Scientific Fire Prevention Co., must produce the records sought by subpoena on or before May 7, 2024; and it is further

ORDERED that nonparties Great American Restoration Services, Inc., and Samiro Services, Inc., doing business as Scientific Fire Prevention Co., shall each pay to defendants' counsel the amount of $150 as provided by CPLR 2308 (a); and it is further

ORDERED that defendants shall submit an itemization of their costs and reasonable attorneys' fees incurred on or before April 23, 2024, by electronic filing, with a copy by email to

**650800/2020   MANHATTAN REALTY COMPANY 1, LP vs. YSI INC.**
**Motion No. 003**

**Page 3 of 4**

the Principal Court Attorney of Part 38 (ssyaggy@nycourts.gov) as set forth in the Part Rules; and it is further

ORDERED that defendants shall serve nonparties Great American Restoration Services, Inc., and Samiro Services, Inc., doing business as Scientific Fire Prevention Co., in hand pursuant to CPLR 311 (a) (1) with a copy of this order and another copy of the court's prior order dated April 26, 2023, on or before April 17, 2024, and file proof of such service on or before April 19, 2024; and it is further

ORDERED that nonparties Great American Restoration Services, Inc., and Samiro Services, Inc., doing business as Scientific Fire Prevention Co., may purge their contempt by complying with the subpoenas as provided herein, and paying the fine and defendants' costs and reasonable attorneys' fees as set forth above.

This constitutes the decision and order of the court.

Enter:

*Louis L. Nock*

| 4/9/2024 | | | | LOUIS L. NOCK, J.S.C. | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**650800/2020   MANHATTAN REALTY COMPANY 1, LP vs. YSI INC.**
**Motion No.  003**

**Page 4 of 4**

4 of 4