Matter of Abrams v Abrams (2024 NY Slip Op 02363)

Matter of Abrams v Abrams

2024 NY Slip Op 02363

Decided on May 02, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 02, 2024

Before: Webber, J.P., Oing, Rodriguez, Higgitt, Michael, JJ. 

Index No. 658845/21 Appeal No. 2207 Case No. 2023-03426 

[*1]In the Matter of Marcus Abrams et al., Petitioners-Respondents,
v
Russell Abrams et al., Respondents-Appellants.

The Law Offices of Daniel A. Singer PLLC, New York (Daniel A. Singer of counsel), for appellants.
Smith Legacy Law, LLC, Rye (Harold R. Burke of counsel), for respondents.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about December 15, 2022, which, insofar as appealed from as limited by the briefs, granted petitioners' motion for an award of attorneys' fees in the amount of $47,883.33, plus $412.85 in costs, for a sum total of $48,296.18 incurred to secure an order adjudging respondents in contempt of court, unanimously affirmed, with costs.
Pursuant to Judiciary Law § 773, a court may award reasonable costs and expenses, including attorney fees, to an aggrieved party as a result of contemptuous conduct (see Holskin v 22 Prince St. Assoc., 178 AD2d 347, 348 [1st Dept 1991]; see also Gottlieb v Gottlieb, 137 AD3d 614 [1st Dept 2016]). Contrary to respondents' arguments, the court providently exercised its discretion in finding that the billing records submitted by petitioners' counsel provided an adequate statement of the legal services rendered on the contempt motion with only two exceptions noted by the court, which it then excluded (see Holskin, 178 AD2d at 348). On review of the billable entries that remain, we find respondents have offered an insufficient factual basis to support their mostly speculative arguments that the remaining legal fees sought were excessive or the product of overbilling, overstaffing, and/or duplicative work (see e.g. Cascade Mushroom Co. v Aux Delices Des Bois, Inc., 293 AD2d 305 [1st Dept 2002]; Banco do Estado de Sao Paulo S.A. v Mendes Jr. Intl. Co., 249 AD2d 137, 139 [1st Dept 1998]).
Indeed, in making these assertions, respondents did not proffer any statement of the hours (i.e., staffing, billing, and work) their counsel expended on the contempt issue.
The court, which handled all the proceedings in connection with the petition for attachment in the aid of arbitration and entertained the parties' submissions, was in a position to evaluate the appropriateness of the legal fees and costs submitted, and no basis exists to disturb its conclusion that the remaining legal fee requests were commensurate with the services necessitated by respondents' contemptuous conduct (see Holskin, 178 AD2d at 349; see also Blau v Blau, 309 AD2d 672, 673 [1st Dept 2003]). The affirmation of petitioners' counsel also established its law firm had assigned sophisticated attorneys to petitioners' case, that the attorneys specialized in complex commercial matters, and that their billable rates charged to petitioners were customary for a Manhattan law firm. Aside from not setting forth a factual basis to question particular billable entries, respondents waived their belated request for a hearing on the attorney fee issue by not requesting a hearing before the motion court (see Matter of Goetz Fitzpartrick LLP v OTR Media Group, Inc., 210 AD3d 568, 570 [1st Dept 2022]; Isaacs v Isaacs, 297 AD2d 608, 608-609 [1st Dept 2002]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 2, 2024