AT&T Mobility Holdings B.V. v Grupo Salinas Telecom (2025 NY Slip Op 03860)

AT&T Mobility Holdings B.V. v Grupo Salinas Telecom

2025 NY Slip Op 03860

Decided on June 26, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 26, 2025

Before: Kern, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Index No. 650330/20|Appeal No. 4645-4646-4647|Case No. 2024-07800 2024-07902 2025-01653|

[*1]AT&T Mobility Holdings B.V., Plaintiff-Respondent,
v
Grupo Salinas Telecom, S.A. De C.., et al. Defendants-Appellants. 

Kenneth Caruso Law LLC, New York (Kenneth A. Caruso of counsel), and Labkowski Law, P.A., New York (David Labkowski of counsel), for appellants.
Quinn Emanuel Urquhart & Sullivan LLP, New York (Adam M. Abensohn of counsel), for respondent.

Judgment, Supreme Court, New York County (Andrea Masley, J.), entered March 12, 2025, in plaintiff's favor, for $1,170,000 as a fine and $296,801.95 for costs and attorneys' fees, and bringing up for review an order, same court and Justice, entered November 8, 2024, which denied defendants' motion to vacate as void for lack of jurisdiction prior orders to enforce plaintiff's money judgment against defendants and required service of documents to be provided to defendants through their former counsel and in-house counsel, and an order, same court and Justice, entered November 21, 2024, which granted plaintiff's motion to hold defendants in civil contempt and for an adverse inference under CPLR 3126, unanimously modified, on the law, to vacate that portion of the judgment imposing a $1,170,000 fine, and otherwise affirmed, without costs. Appeals from aforementioned orders, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Supreme Court properly held defendants in civil contempt of the orders entered in connection with plaintiff's efforts to enforce its money judgment (see generally Judiciary Law § 753; El-Dehdan v El-Dehdan, 26 NY3d 19 [2015]). The record establishes that defendants knowingly violated the June 27, 2024 order to compel by failing to provide any response after the court overruled defendants' objection to the alter ego discovery that plaintiff sought. Defendants also knowingly violated the June 26, 2024 order requiring the turnover of their assets.
For the reasons stated by Supreme Court, we reject defendants' argument that the court lacked jurisdiction to enforce the money judgment under Section 9.3 of the parties' contract. Thus, the enforcement orders were not void.
The court also properly awarded plaintiff attorneys' fees. "Judiciary Law § 773 provides for recovery of the complainant's costs and expenses incurred as a result of a contempt. Counsel fees and other professional fees are properly included" (Holskin v 22 Prince St. Assoc., 178 AD2d 347, 348 [1st Dept 1991]). We decline to disturb the court's well-supported discretion in approving the fees now at issue (see 542 E. 14th St. LLC v Lee, 66 AD3d 18, 24 [1st Dept 2009]; see also Matter of Abrams v Abrams, 227 AD3d 403, 403-404 [1st Dept 2024]).
However, the court should not have imposed the $1,170,000 fine as against defendants. Judiciary Law § 773 mandates that a "fine" be imposed for the "actual loss or injury" caused "by reason of the misconduct" of those in contempt, here defendants. Even accepting that defendants' violations of the enforcement orders caused plaintiff actual loss, any loss plaintiff sustained from defendants' misconduct is indistinguishable from the loss defendants already were adjudged liable to pay in the December 2023 money judgment (see generally State of New York v Unique Ideas, 44 NY2d 345, 349 [1978]; cf. Pala Assets Holdings Ltd. v Rolta, LLC, 205 AD3d 457, 458 [1st Dept 2022]; Pacific Alliance Asia Opportunity [*2]Fund L.P. v Kwok Ho Wan, 199 AD3d 423, 423 [1st Dept 2021]).
The court properly granted plaintiff's motion for an adverse inference under CPLR 3126 that defendants are alter egos of nonparties alleged to be their affiliates. "CPLR 3126 provides that the court has broad leeway . . . when a party willfully disobeys a discovery order" to apply sanctions, which is "a discovery matter." A "remedy in connection therewith" is thus "not an application of substantive law," but rather considered "[i]n terms of State procedural law" (Paris v Waterman S.S. Corp., 218 AD2d 561, 564 [1st Dept 1995], lv dismissed 96 NY2d 937 [2001]).
Plaintiff sufficiently established the elements of CPLR 3126, without the need for an evidentiary hearing (see Kami & Sons v Pipe, 248 AD2d 312, 313 [1st Dept 1998]). While defendants are correct that alter ego status or veil piercing are not independent causes of action, that does not mean that alter ego status may not be resolved by an adverse inference (see generally 245 E. 19 Realty LLC v 245 E. 19th St. Parking LLC, 223 AD3d 604, 605 [1st Dept 2024]).
Finally, the court properly exercised its inherent authority in directing extra notice be given to defendants (see generally Catalane v Plaza 400 Owners Corp., 124 AD2d 478, 480 [1st Dept 1986]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 26, 2025